# Richmond

EMMA SUE SALEEBY v. FREE PRESS, INCORPORATED, AND J. WILLCOX DUNN, PUBLISHER.

March 5, 1956.

Record No. 4461.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Stant & Mirman,* for the plaintiff in error.

*James E. Heath* and *M. Earl Woodhouse,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

Emma Sue Saleeby sued Free Press, Incorporated, and J. Willcox Dunn, its owner, publishers of the "Princess Anne Free Press". The motion for judgment charged both common law libel and a violation of the insulting words statute, § 8-630, Virginia Code, 1950. The answer to the motion asserted that the printed statement complained of was a true statement of a matter of public concern and therefore no liability attached by virtue of the publication.

A trial by jury resulted in a verdict for the defendants. The court overruled a motion to set aside the verdict and, over plaintiff's objection, judgment was entered thereon. We granted plaintiff a writ of error.

The article complained of read:

"The Pioneer Club, one-time the Checkerboard and former hang-of (*sic*), Hobeck, operated now by Hank Felix and Mrs. Joseph Saleeby, Blackie's widow, is running wide with liquor and various forms of gambling."

At the time of the publication plaintiff was the widow of Joseph Nick Saleeby, deceased, sometimes referred to as "Blackie". The record discloses that shortly before the publication defendant Dunn called plaintiff on the telephone and, according to Dunn, stated to plaintiff, "I am Bill Dunn. I publish a little paper in the county, the 'Free Press' ". Mrs. Saleeby then said "I know the 'Free Press'. I take it. I was reading it this afternoon. I put it down when the telephone rang. I enjoyed it." The defendant Dunn then said, "I want you to help me, if you will. I don't want to seem impertinent, but would you be good enough to tell me whether you, 'Hank' Felix and Hobeck run the Pioneer?". Mrs. Saleeby is alleged to have answered, "Hobeck has no part of it."

It was contended by Dunn that he having asked Mrs. Saleeby whether the Pioneer Club was run by "you, 'Hank' Felix and Hobeck", her answer that "Hobeck has no part of it", was an admission on her part that the club was operated by Hank Felix and herself.

The errors assigned deal largely with the court's granting Defendants' Instructions D-1, D-2 and D-3.

The first assignment of error involves the giving of Instruction D-1 which told the jury that if they believed from the evidence that the alleged libelous statements were "substantially true,

in the ordinary and usually accepted meaning thereof they must find for the defendants". There is no merit in this assignment. It is not necessary to prove the literal truth of statements made. Slight inaccuracies of expression are immaterial provided the defamatory charge is true in substance, and it is sufficient to show that the imputation is "substantially" true. Section 8-631, Virginia Code, 1950; 12 M. J., Libel and Slander, § 25, p. 75; Restatement, Torts, § 582, comment e; 53 C. J. S., Libel and Slander, § 137(b), p. 224; 33 Am. Jur., Libel and Slander, § 117, p. 117; *Rosenberg* v. *Mason*, 157 Va. 215, 228 [Note 4], 160 S. E. 190.

■ Instruction D-2, objected to by plaintiff, told the jury that if they believed from the evidence that Mrs. Saleeby "knew or had reasonable ground to believe that the Pioneer Club property was to be used for illegal gambling or whiskey selling, or both, and if you further believe from the evidence she was the owner, part owner, lessor, guardian or trustee thereof and permitted, acquiesced in or consented to such illegal use, you should find for the defendants." The instruction is properly subject to the criticism of being too broad. The published article referred to the club as being *"operated now by"* Hank Felix and Mrs. Saleeby. She was depicted as operator and not as "owner, part owner, lessor, guardian or trustee thereof". The instruction therefore should have been confined to Mrs. Saleeby's alleged participation in the operation.

■ Instruction D-3, objected to by the plaintiff, told the jury that "if you believe from the evidence that Mrs. Saleeby, prior to April 29, 1954 [the date of the publication] gave Mr. Dunn reasonable ground to believe that she was concerned in the operation of the Pioneer Club, you should find for the defendants." In our view this instruction was improper. Defendant Dunn based his belief as to Mrs. Saleeby's connection with the club upon her alleged statement to him over the telephone, and it was improper to tell the jury that if Dunn had reasonable ground to believe that Mrs. Saleeby "was concerned in the operation of the Pioneer Club" they should find for the defendants. The jury heard Dunn's testimony as to the statement allegedly made by Mrs. Saleeby to him, which was denied by Mrs. Saleeby, and it was for the jury, not Dunn, to determine whether or not from the language used it reasonably appeared that she was involved in the operation of the club. The instruction should have told the jury that if it reasonably appeared to it from the language used by Mrs. Saleeby that she was involved in the

operation of the club and knew of or acquiesced in its alleged illegal uses, then in that event they should find for the defendants.

The next assignment charges that the court erred in permitting Mrs. Saleeby's son to be called and examined as an adverse witness. There is no merit in this assignment. *Butler* v. *Parrocha*, 186 Va. 426, 431 (Headnote 1); 43 S. E. (2d) 1, 4. Neither is there merit in the assignment that the court erred in permitting the introduction of evidence concerning the reputation of plaintiff. This was properly admitted as bearing upon the question of damages.

For the reasons stated the judgment is reversed and the case remanded for a new trial.

*Reversed and remanded.*