## CIRCUIT COURT OF BATH COUNTY

James W. Birkhead

v.

Mark D. Sims et al.

January 8, 1985

By JUDGE DUNCAN M. BYRD, JR.

The issue for resolution by the Court is a Motion for Summary Judgment. The Plaintiff has conceded that he has not alleged he suffered any special damages (Memorandum in Opposition, p. 9) and indeed the record discloses that no known special damages exist. Therefore in the Court's opinion, the Plaintiff is limited to a claim of defamation, *per se*. The more narrow inquiry then becomes whether or not the publication in question is derogatory of the Plaintiff by *imputing a want of integrity or unfitness for office.*

Quoting from the Defendant's Memorandum in Support of the Motion for Summary Judgment:

> There are no Virginia decisions in which the question of what constitutes defamation *per se* of one holding public office is decided. However, courts in Virginia have decided several closely analogous cases which concerned the analysis involved in determining whether language is defamatory *per se* either by imputation of unfitness or lack of integrity in an "employment for profit", or which prejudice a plaintiff in his "profession or trade". In *Carwile v. Richmond Newspapers, Inc.,* 196 Va. at 8, 82 S.E.2d at 591-592, the Supreme Court of Virginia held that a statement could constitute defamation *per se* by innuendo or imputation, provided that the meaning of the words used is not

extended "beyond their ordinary and common acception". In addition, where the defamatory meaning is not immediately apparent from the words themselves, but where knowledge of extrinsic facts (the "inducement") is required before a defamatory meaning rises to the surface, then the language is not defamatory *per se*, but instead is defamatory *per quod*, and special damages must be proven before a recovery may be had. *Wilder v. Johnson Publishing Co., Inc.*, 551 F. Supp. 622, 623 (E.D. Va. 1982); *see also*, Spahn, *Libel and Slander in Virginia*, 17 U. Rich. L. Rev. at 774 (1983). The final step in this analysis requires that there be a sufficient "nexus" between the allegedly defamatory language and "the skills or character required to carry out the particular occupation of the plaintiff". *Flemming v. Moore*, 221 Va. at 890, 275 S.E.2d at 636. Unless "the words. . . contain an imputation that is 'necessarily hurtful' in its effect . . .", the statement is not defamatory *per se*. *Id.*, 221 Va. at 889-890, 275 S.E.2d at 636; see also, *James v. Haymes*, 160 Va. 253, 261-262, 168 S.E. 333, 336 (1933). A mere "adverse impact upon the plaintiff's work" will not render the statement defamatory *per se* if the statement is not "necessarily hurtful". *Flemming v. Moore*, 221 Va. at 890, 275 S.E.2d at 636 (1981).

In determining whether the defendants' statements contained an imputation that is "necessarily hurtful" to the plaintiff's reputation for fitness and integrity as a county supervisor, those statements must be considered in the context in which they were published. *See, Old Dominion Branch No. 496, National Association of Letter Carriers, AFL-CIO v. Austin*, 418 U.S. 264, 284, 41 L.Ed.2d 745, 761-762, 94 S.Ct. 2770 (1974); *Greenbelt Cooperative Pub. Assn., Inc. v. Bresler*, 398 U.S. 6, 14, 26 L.Ed.2d 6, 15, 90 S.Ct. 1537 (1970); *New York Times v. Sullivan*, 376 U.S. 254, 272-273, 11 L.Ed.2d

686, 701-702, 84 S.Ct. 710 (1964). The defendants' letter, published during a political campaign must be construed "against the background of a profound national commitment that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times v. Sullivan*, 376 U.S. at 271, 11 L.Ed.2d at 701. Furthermore, a statement uttered during a political campaign "must be considered in light of the hyperbole and rhetoric which normally attend the clamor for the voters' attention." *Gouthro v. Gilgon*, 12 Mass. App. Ct. 591, 427 N.E.2d 1166, 1168 (1981), *appeal denied*, 385 Mass. 1101, 440 N.E.2d 1173. During a "political campaign, the exaggerated character of normal political discussion is usually intensified." *Borski v. Kochanowski*, 3 Mass. App. Ct. 269, 331 N.E.2d 556, 559 (1975). Such language should not be literally construed. *See, Letter Carriers v. Austin*, 418 U.S. at 285-286, 41 L.Ed.2d at 762-763; *Greenbelt Pub. v. Bresler*, 398 U.S. at 14, 26 L.Ed.2d at 15. Memorandum in Support of Motion for Summary Judgment, at 3-5.

However, a determination of whether the publication in question is derogatory of the Plaintiff by imputing a want of integrity or unfitness of office does not end the inquiry because:

> *[n]o matter how derogatory a true statement might be, it cannot be the subject of an action for defamation.* (Emphasis added) *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340, 41 L.Ed.2d 789, 805, 94 S.Ct. 2997 (1974); *Falwell v. Penthouse International, Ltd.*, 521 F.Supp. 1204, 1208 (W.D. Va. 1981); *see also*, Restatement (Second) of Torts § 558. In Virginia, "truth" is an absolute defense, but one which must be affirmatively pled and proven by the defen-

dant. Virginia Code § 8.01-46; *General Products Company Inc. v. Meredith Corp.*, 526 F.Supp. 546, 550 (E.D. Va. 1981). However, the defendant need not show that his statements were literally true as "slight inaccuracies of expression are immaterial provided the defamatory charge is true in substance." *Saleeby v. Free Press, Inc.*, 197 Va. 761, 763, 91 S.E.2d 405, 407 (1956).

In addition to substantially true statements, statements of opinion will not usually support an action for defamation. *See, Evans v. Lawson*, 351 F.Supp. 279, 287 (W.D. Va. 1972). This is true because such statements are expressions of ideas, not fact, and are thus incapable of being proven true or false. See, *Gertz v. Robert Welch, Inc.*, 418 U.S. at 340, 41 L.Ed.2d at 805, 94 S.Ct. at ---, Spahn, *Libel and Slander in Virginia*, 17 U. Rich. L. Rev. at 773. The one exception to this rule is where the opinion "implies the allegation of undisclosed defamatory facts as the basis for the opinion". Restatement (Second) of Torts Sec. 566. Thus, while an expression of an opinion is not actionable, a defamatory statement disguised as an opinion will be.

In determining whether a statement is substantially true or a statement of opinion, it is again necessary to construe the langauge used in light of the context in which it was published. *See, Letter Carriers v. Austin*, 418 U.S. at 284, 41 L.Ed.2d at 761-762, *Greenbelt Pub. v. Bresler*, 398 U.S. at 14, 26 L.Ed.2d at 15; *New York Times v. Sullivan*, 376 U.S. at 272-273, 11 L.Ed.2d at 702. The Supreme Court of the United States has recognized that politicians and public officials operate in an atmosphere where "Charges of gross incompetence, disregard of public interest, communist sympathies and the like usually have filled the air; and hints of bribery, embezzlement and other criminal conduct are not infrequent". *New York Times v. Sullivan*, 376 U.S. at 272,

n. 11, 11 L.Ed.2d at 702, n. 11. Statements made during political discussions are neither intended to be nor are they actually literally construed by the public. *See, Letter Carriers v. Austin,* 418 U.S. at 284-285, 41 L.Ed.2d at 761-762; *Greenbelt Pub. v. Bresler,* 398 U.S. at 14, 26 L.Ed.2d at 15; *Klahr v. Winerble,* 4 Ariz. App. at ---, 418 P.2d at 414. In this context statements which do constitute factual assertions may be construed as opinion. See, *Mihalk v. Duprey,* 11 Mass. Ct. App. at ---, 417 N.E.2d at 1241. Therefore, metaphorical language and obvious exaggeration, as well as statements of pure opinion, are not actionable even though they are literally false and convey a derogatory meaning. *See e.g., Greenbelt Pub. v. Bresler,* 398 U.S. at 15, 26 L.Ed.2d at 15; *Grayson v. Savannah News-Press, Inc.,* 110 Ga. App. 561, 139 S.E.2d 347, 352 (1964). *Id.,* p. 9, 10.

A detailed examination of the record reveals that each and every statement in the publication in issue either contained no defamatory meaning within the context of defamation *per se*, was substantially true or was a mere statement of opinion. The overall implication of the letter is that the Plaintiff was not representing the citizens of his district in the manner in which they should be represented. However, there is no implication that he was or is unfit for the position.

Probably the most damaging aspect of the publication is the statement concerning the Plaintiff's vote against the appointment of the first black to the school board. Apparently this was designed to imply that the Plaintiff is a racist. However, the statement is true and as the Court has pointed out an action for defamation cannot be based upon an implication arising from a true statement. Furthermore, this is a perfect example, right or wrong, of the type of hyperbole and rhetoric which is normal and expected in a political campaign. *New York Times v. Sullivan,* 376 U.S. at 271, 11 L.Ed.2d at 701; *Gouthro v. Gilgon,* 12 Mass.

App. Ct. 591, 427 N.E.2d 1166, 1168 (1981), appeal denied, 385 Mass. 1101, 440 N.E. 2d 1173.

Viewing the record in its totality and in the light most favorable to the Plaintiff, the Court is of the opinion that the Motion for Summary Judgment [in favor of the Defendant] should be sustained.