800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James GRAVES and G. Phil Steel, Appellants,
v.
HARRIS CORPORATION; Frank Carollo, Appellees.
 No. 85-1923.
 United States Court of Appeals, Fourth Circuit.
 Argued March 3, 1986.
Decided Sept. 4, 1986.
 
 Ferris R. Bond, for appellant.
 James P. Murphy (R. David Kitchen, Squire, Sanders & Dempsey; Peter K. Stackhouse; Dale A. Normington, Senior Counsel, Harris Corporation on brief), for appellees.
 E.D.Va.
 AFFIRMED.
 Before WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this slander action, appellants Graves and Steel challenge the district court's grant of summary judgment for Harris Corporation and one of its executives. Because the allegedly slanderous statements are protected by a qualified privilege which appellants cannot overcome, we affirm.
 
 I.
 
 2
 Graves and Steel left the employ of Harris Corporation's Washington area office amid rumors of their participation in a kick-back scheme. While Graves and Steel were suspended pending an internal investigation, Harris manager Ralph Barkes notified a customer with whom appellants regularly dealt that, "we've had to suspend Phil and Jim from their duties with the company. You don't want to know any more."
 
 
 3
 After Graves and Steel had left the company, an incoming Harris Vice President, Frank Carollo, held introductory meetings with two groups of Harris employees. The employees were not uniformly Carollo's subordinates, and some were expected to transfer to competitors in the near future. Carollo told the employees that in the future, all business was to be conducted ethically. Although Graves and Steel were not mentioned by name, "the Washington fiasco" was allegedly mentioned at least once. Some listeners thought that Carollo's statements referred to appellants. Carollo was aware of the rumors surrounding Graves and Steel, but he did not investigate the incident before making his statements. Graves and Steel filed this lawsuit, claiming that these statements[1] are slanderous.[2] Harris Corporation and Carollo maintain that the statements enjoy a qualified privilege because the speakers and listeners were mutually interested in setting proper procedures for future business conduct. See Great Coastal Express, Inc. v. Ellington, --- Va. ---- , 334 S.E.2d 846, 853 (1985) . Graves and Steel attempt to rebut the privilege by alleging an absence of good faith. They also allege that the privilege was lost because the statements were made with malice, evidenced by personal hostility, reckless disregard for the truth, or excessive disclosure. See Ellington, 334 S.E.2d at 853-55; People's Life Insurance Co. v. Ta I 166 Va. 464, 469, 186 S.E. 42, 44 (1936) .
 
 
 4
 The district court decided that even in the light most favorable to appellants, the facts and inferences did not establish the absence of good faith, the presence of malice, or any other abuse of privilege as a matter of law. The court, therefore, granted summary judgment for Carollo and Harris Corporation.
 
 II.
 
 5
 In a summary judgment decision, the nonmovant is enti tled to the benefit of all favorable inferences. This require ment is particularly important when states of mind, such as good faith and personal hostility, are at issue. See Charbonna § de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Nevertheless, "unsupported allegations as to motive do not confer talismanic immunity" from summary judgment. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). When confronted with affidavits demonstrating the absence of any genuine issue of material fact, the nonmovant must produce some evidence "creat[ing] fair doubt; wholly speculative assertions will not suffice." Id. at 364.
 
 
 6
 Appellants' allegations that Barkes' statement was made in bad faith or with actual malice do not rise above the level of mere speculation. Barkes was privileged to tell a customer that certain employees were no longer proper contacts. See Federal Land Bank v. Birchfield, 173 Va. 200, 219-22, 3 S.E.2d 405, 412-13 (1939) . Although appellants have some slight evidence of Barkes' ill will toward them, there is no evidence that personal dislike, as opposed to legitimate business concern, motivated the statement at issue here. Furthermore, no abuse of the privilege is apparent from the scope or wording of Barkes' statement, which was proper in the circumstances of this case. Cf. id. at 222, 3 S.E.2d at 413-14. Finally, we note that Barkes' statement was accurate in all material respects. Substantial truth is a defense to a slander claim. See Saleeb v. Free Press, 197 Va. 761, 763, 91 S.E.2d 405, 407 (1956).
 
 
 7
 Likewise, there are no genuinely disputed facts that could overcome Carollo's qualified privilege. A supervisor is free to impress the importance of honesty upon his employees. See, e.g.r u I 210 Va. 564, 568, 172 S.E.2d 720, 723 (1970); Talley, 166 Va. at 470, 186 S.E. at 44. This privilege is not overcome simply because some of the listeners are short-term employees or are not the direct subordinates of the speaker. Cf. Kroger, 210 Va. at 566-68, 172 S.E.2d at 722-23. Although the privilege may be lost if the statements were made with reckless indifference to falsity, . Ellington, 334 S.E.2d at 851 n.3, 854, Carollo's failure to investigate was at most arguably negligent. Mere negligence will not defeat a qualified privilege. See Gazette, 229 Va. at 18, 325 S.E.2d at 727.
 
 
 8
 Accordingly, the district court's grant of summary judgment for Carollo and Harris Corporation was proper and is hereby affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Graves and Steel also alleged slander from Barkes' response to a reference inquiry. That claim was tried to a jury, which found against appellants. That judgment is not at issue in this appeal
 
 
 [2]
 We have some reservation about whether Carollo's statements are actually slanderous. Under Virginia law, pure expressions of opinion are not actionable. Chaves v. Johnson, Va., 335 S.E.2d 97, 101-02 (1985). Under the circumstances, however, Carollo's statements arguably can be construed as "fighting words," id. at 101, directed at appellants. See Gazette, Inc. v. Harris, 229 Va. 1, 37, 325 S.E.2d 713, 738, cert. enied, 105 S.ct. 3513 (1985) . Therefore, we will assume for purposes of this opinion that Carollo's statements are actionable