## CIRCUIT COURT OF CAMPBELL COUNTY

Gail D. Slade

v.

Central Fidelity Bank, N.A.

June 13, 1988

By JUDGE J. SAMUEL JOHNSTON, JR.

I have completed my research in the above styled case and publish this letter as my opinion in the same. I have, as part of that research, re-read the transcript of our hearing on March 17, 1988, and the cases cited that day. Each side is in agreement as to the standard of inquiry when a pleading is demurred to, i.e., all allegations contained therein are deemed true.

The demurrer to Count I of the motion for judgment is sustained. Each of you has noted that *Miller v. Sevamp, Inc.*, 234 Va. 462, 362 S.E.2d 915 (1987), is the most recent appellate decision reviewing the employee-at-will doctrine. That case reaffirms the viability of the employment-at-will doctrine in Virginia and cites and discusses most of the cases relied upon by both parties in the extant case. The Supreme Court stated that "Virginia adheres to the common-law rule that when the intended duration of a contract for the rendition of services cannot be determined by fair inference from the terms of the contract, then either party is ordinarily at liberty to terminate the contract at will, upon giving the other party reasonable notice" (citations omitted) *Sevamp, supra* at 916. The Court goes further and says when a "contract of employment sued upon contains no provisions from which a fixed period of intended duration can fairly be inferred . . ." the motion for judgment is demurrable. *Sevamp, supra* at 918.

In scrutinizing Count I of the motion for judgment, I find no allegations which would permit the finding, either directly or by inference, that the contract of employment was of an intended or fixed duration. To rule otherwise would require me (or a jury) to manufacture the terms which are alleged to have been breached by the defendant. The contract of employment between the plaintiff and defendant would surely prevent the defendant from recovering damages from the plaintiff as each party mutually enjoyed the right to terminate the relationship at will, upon the giving of reasonable notice.

I reject the defendant's plea of the statute of frauds and rely upon the cases of *Silverman v. Bernot*, 218 Va. 650, 239 S.E.2d 118 (1977), and *Norfolk Southern Ry. Co. v. Harris*, 190 Va. 966, 59 S.E.2d 110 (1950), in support of this finding.

The demurrer to Count II of the motion for judgment is overruled. All of the cases cited to me which support a finding of an employment-at-will doctrine also require the terminating party to give reasonable notice to the other party. I find no exception for a "teller" as is urged by the defendant. While I agree with defendant that the motion for judgment does not set forth what reasonable notice is nor how plaintiff has been damaged thereby, I find that no notice to an employee of twenty-four years is *prima facie* unreasonable and, therefore, not demurrable. Also, the defendant can by bill of particulars or discovery discern the basis for plaintiff's claim of damages due to lack of reasonable notice.