## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Laudenslager

v.

Loral et al.

May 6, 1996

Case No. (Law) 95-878

BY JUDGE RUSSELL I. TOWNSEND, JR.

This case is before the Court on Demurrers filed by the defendants. The grounds of the two Demurrers are identical.

The first count of the Motion for Judgment alleges wrongful discharge against all defendants but Robert Horton. The precedent most applicable with respect to the law on the date of the alleged wrongful discharge is the case of *Lockhart v. Commonwealth Educ. Sys. Corp.*, 247 Va. 98 (1994).

This Court concludes from the language in the *Lockhart* case that, at the time the opinion was rendered, there was a cause of action in Virginia for wrongful discharge where an employee was terminated in retaliation for the employee's refusing to participate in and opposing racially discriminatory practices and procedures. The Court opines that a corporate employer is liable if employees who engaged in the unlawful or wrongful conduct about which another employee complained were acting within the scope of their employment. The Court is of the further opinion that corporate employees who wrongfully discharged or approved a wrongful discharge, knowing the circumstances, or who actively engaged in actions, the purpose of which was to force the claimant employee to quit or conceal motives constituting unlawful conduct if implemented or to otherwise provide justification for a discharge by attempting to make what would really have been a wrongful discharge appear to be a lawful discharge are

also liable. Accordingly, considering the allegations contained in plaintiff's motion for judgment, the demurrers of all defendants to the count for wrongful discharge are overruled with the exception of the demurrer filed by Charles W. Tisdale, which is sustained. No allegation for wrongful discharge was made against Robert Horton.

The demurrers of defendants Loral and Henry L. Horton to the count for defamation are overruled. Plaintiff has alleged facts which, in the opinion of the Court, would constitute actionable defamation. The matter of privilege is an affirmative defense which must be pleaded.

The demurrers of all defendants to the count for intentional infliction of emotional distress are sustained. In the opinion of the Court, the allegations as a matter of law fail to assert a factual basis to support such a cause of action against any defendant.

Lastly, the Court overrules the demurrer of Loral to the count alleging failure to provide reasonable notice of termination. The employment-at-will doctrine in Virginia provides that either party is ordinarily at liberty to terminate the contract at will, upon giving the other party reasonable notice. The Court interprets this language as defining an implied obligation requiring each party to an employment relationship to give the other reasonable notice of termination unless there is an agreement or understanding to the contrary. Failure to give such notice is actionable as a breach of an implied contract.