# CIRCUIT COURT OF THE CITY OF RICHMOND

Linda H. Lundy

v.

Cole Vision Corp.
and Robert Becker

May 20, 1996

Case No. LA-3123-1

BY JUDGE MELVIN R. HUGHES, JR.

The defendants' demurrer to plaintiff's motion for judgment is before the court for decision. The plaintiff alleges she was caused to resign her employment with defendant, her former employer, after a series of acts by her supervisor amounting to racial discrimination in the workplace. She claims that the conditions became intolerable causing her to quit.

Defendants' demurrer raises the question of the pleading's legal sufficiency on basically two grounds: (1) the 1995 amendments to the Virginia Human Rights Act, § 2.1-725 et seq. eliminated any cause of action under *Lockhart*; (2) there is no cause of action for constructive discharge and if there is, none is pleaded here. The court decides to overrule the demurrer.

The court in *Lockhart v. Commonwealth Education Systems Corp.*, 247 Va. 98 (1994), decided that a tort for wrongful discharge exists in Virginia for reasons of public policy. The court expressly stated that it was not relying on the Virginia Human Rights Act which contained a provision stating that no right of action was intended. Rather, the court founded the claim on a public policy consideration first set up in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). Accordingly, to the extent that the Virginia Human Rights Act has been amended to tailor any remedy for violation of its provisions, the change would not restrict a claim brought under a common law right set up by *Lockhart* and *Bowman*. See also *Holmes v. Tiedeken,* 36 Va. Cir. 491 (1995).

Second, while *Lockhart* dealt with an alleged instance of actual discharge, its teaching is clear: discrimination in the workplace leading to

separation is verboten. A case of constructive discharge is just as egregious as actual termination when they both come about by impermissible discrimination. Such is the case here.

For these reasons, the demurrer is overruled.