## CIRCUIT COURT OF THE CITY OF NORFOLK

Tingle

v.

Chasen's Business
Interiors, Inc.

February 27, 1997

Case No. (Law) L96-4299

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff has filed a motion for judgment in which she seeks damages for wrongful termination of employment and failure to provide reasonable notice of termination. She was employed by the defendant from approximately May 29, 1995, until January 5, 1996, at which time she alleges she was discharged without any prior notice because of her pregnancy.

She bases her claim for wrongful discharge on *Lockhart v. Commonwealth Education Systems Corp.*, 247 Va. 98, 439 S.E.2d 328 (1994), and the public policy stated in Code of Virginia § 2.1-715 and Title VII of the Civil Rights Act of 1964. The defendant has filed a demurrer claiming that the common law cause of action declared in *Lockhart* has been abrogated by the 1995 amendment to the Virginia Human Rights Act (the "Act"), Code § 2.1-714 *et seq.*, and that there is no cause of action in Virginia for failure to provide reasonable notice of termination.

### Wrongful Discharge

In *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985), the Supreme Court of Virginia created an exception to the employment at will rule when employees had been discharged for exercising their statutory right to vote their shares of the employer's stock. The Court held the discharges

were actionable as they were based on violations of public policy furthered by statute.

In *Lockhart, supra,* the Supreme Court of Virginia declared a common law cause of action to exist for termination of at will employment on the basis of race or gender. The Court relied on Va. Code § 2.1-715 for the public policy, but it then stated:

> We recognize that the Virginia Human Rights Act does not create any new causes of action. Code § 2.1-725. Here, we do not rely upon the Virginia Human Rights Act to create new causes of action. Rather, we rely solely on the narrow exception that we recognized in 1985 in *Bowman,* decided two years before the enactment of the Virginia Human Rights Act.

When *Lockhart* was decided, Va. Code § 2.1-725 provided:

> Nothing in this chapter creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions. Nor shall the policies or provisions of this chapter be construed to allow tort actions to be instituted instead of or in addition to the current statutory actions for unlawful discrimination.

In 1995, in response to the *Lockhart* decision, the General Assembly amended Va. Code § 2.1-725. Subsections B and C created a statutory cause of action for the discharge of an employee on several bases, one of which is sex. This cause of action may only be brought within a 180 day statute of limitations against employers having more than five and fewer than fifteen employees. Damages are limited in most circumstances to twelve months' back pay with interest; the court may not award any other damages, compensatory or punitive, nor may it order reinstatement. A prevailing plaintiff's attorney's fees may be paid out of, not in addition to, the damages awarded.

Subsections A and D provide in pertinent part:

> A. Nothing in this chapter creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions, except as specifically provided in subsections B and C of this section.
>
> D. Causes of action based upon the public policies reflected in this chapter shall be exclusively limited to those actions, procedures and

remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances.

In *Lawrence Chrysler Plymouth Corp. v. Brooks*, 251 Va. 94, 465 S.E.2d 806 (1996), the Court required a plaintiff bringing a common law wrongful discharge action to identify specific Virginia statutes establishing public policies that the employers had violated. The Court reiterated that the policy violated in *Lockhart* was found in Va. Code § 2.1-715. 251 Va. at 98-99, 465 S.E.2d at 809. The plaintiff in *Lawrence Chrysler Plymouth Corp.* was discharged in 1992.

In *Bailey v. Scott-Gallaher, Inc.*, 253 Va. 121 (1997), the plaintiff alleged she was fired in 1994 because of pregnancy, and she filed a wrongful discharge action under *Lockhart*. The Circuit Court sustained the defendant's demurrer [37 Va. Cir. 438 (1995)], and the Supreme Court reversed, holding that she did state a common law cause of action for wrongful discharge. The Court again stated that Va. Code § 2.1-715 reflected the public policy violated in *Lockhart*, and it further held:

> Additionally, we noted in *Lockhart* that while the cause of action for wrongful termination based on gender discrimination arose independently from the Virginia Human Rights Act, the public policy articulation in that Act satisfies our requirement in *Lawrence Chrysler Plymouth Corp.* for identifying a statutory embodiment of the public policy of the Commonwealth. (*Id.* at p. 127.)

The plaintiff here argues that her claim is a common law *Bowman* action, that, like *Lockhart*, arises independently of the Act; that the Supreme Court held former Va. Code § 2.1-725 did not bar such a claim; and that the 1995 amendment to the Act does not limit a *Lockhart* action because such an action arises independently of the Act. In short, the 1995 amendment to the Act should have no more effect on the right to bring a common law wrongful discharge action than the 1987 version of the Act had.

*Bowman* and *Lockhart* are common law causes of action. The General Assembly has the authority to modify the common law, but statutes doing so must be strictly construed.

There are two possible constructions of the 1995 amendment to the Act. First, the General Assembly intended to abrogate *Lockhart* and to replace it with a far more limited statutory cause of action. Second, the General Assembly intended to create a new statutory cause of action in addition to the common law action under *Lockhart*. It is difficult to believe the latter

construction was intended. The *Lockhart* action is available regardless of the number of employees; the damages are not limited to twelve months' back pay, but compensatory, and, when warranted, punitive damages are allowed; and the limitations period is longer. Why would any plaintiff elect the statutory cause of action if a *Lockhart* claim is available? Furthermore, the second construction would nullify Va. Code § 2.1-725(D) and the last clause of subsection (A). It is a fundamental principle of statutory construction that courts will construe a statute to give it effect and not to render it vain. *McFadden v. McNorton*, 193 Va. 455, 69 S.E.2d 445 (1952).

In *Lawrence Chrysler Plymouth Corp.* and *Bailey*, the Court held that even though *Lockhart* was a common law action, the statutory public policy on which it rested was found in the Act. Va. Code § 2.1-725(D) states that "causes of action based upon the public policies" of the Act are "exclusively limited" to statutory actions. The General Assembly's intent to abrogate *Lockhart* could not be clearer. Although it was dictum, the dissenters in *Bailey* reached the same conclusion. "In 1995, the General Assembly acted promptly to nullify the scope of *Lockhart*." *Bailey, supra*, dissent, at p. 128).

I have considered *Holmes v. Tiedeken*, 36 Va. Cir. 491 (1995); *Lundy v. Cole Vision Corp.*, 39 Va. Cir. 254 (1996); *Molina v. Summer Consultants, Inc.*, Law No. 152715 (Fairfax 1996); and *Ecklund v. Fuisz Technology, Ltd.*, 905 F. Supp. 335 (E.D. Va. 1995). I must respectfully disagree with their holdings. The demurrer to this count will be sustained.

### Failure to Give Reasonable Notice of Termination

The employment at will rule provides that either the employer or the employee may terminate the contract at will upon giving the other party reasonable notice. *Stonega Coal Co. v. Louisville & N. R. Co.*, 106 Va. 223, 55 S.E. 551 (1906); *Miller v. SEVAMP*, 234 Va. 462, 362 S.E.2d 915 (1987); *Progress Printing Co. v. Nichols*, 244 Va. 337, 421 S.E.2d 427 (1992); *Graham v. Central Fidelity Bank*, 245 Va. 395, 428 S.E.2d 916 (1993). None of those cases involved a specific claim for failure to give reasonable notice of termination of employment. However, Judge Townsend found such a cause of action to exist in *Laudenslager v. Loral*, 39 Va. Cir. 228 (1996).

The defendant claims no such action exists and that its creation would violate the mutuality requirement of employment at will. However, in *Miller v. SEVAMP*, the Court stated, "[a]n employee is ordinarily at liberty to leave his employment for any reason or for no reason, upon giving reasonable notice, without incurring liability to his employer." 234 Va. at 465, 362 S.E.2d at 916-17. An inference to be drawn from that statement is that an employee would

be liable to the employer for terminating his employment without reasonable notice.

The reasonableness and length of the notice required of the employer will depend on the cause of the employee's discharge. The demurrer to this count will be overruled.

Ms. Hall shall prepare the appropriate order allowing the plaintiff thirty days from its entry to file an amended motion for judgment if she be so advised.