**CIRCUIT COURT OF LOUDOUN COUNTY**

Carol Wilt

v.

Water and Wastewater
Equipment Manufacturers
Association, Inc.

July 21, 1997

Case No. (Law) 19065

BY JUDGE THOMAS D. HORNE

This case came before the Court on the Motion to Crave Oyer, Demurrer, and Plea in Bar filed by the defendant to the Motion for Judgment filed by Carol Wilt. In her Motion for Judgment, Ms. Wilt asserts that she is entitled to recover damages from Water and Wastewater Equipment Manufacturers Association, Inc., because of actions taken by it in terminating her employment after almost eighteen years of service. She contends, in what is styled her "First Cause of Action," that her former employer wrongfully terminated her employment by reason of her age in violation of the public policy of Virginia as embodied in the Virginia Human Rights Act, § 2.1-715, Code of Virginia. Ms. Wilt's second and third causes of action suggest that her employer breached the terms of her written employment agreement against age discrimination and of continued employment so long as her job performance was satisfactory and her position was not eliminated through corporate downsizing. Lastly, she claims damages as a result of emotional distress brought on through her termination without notice.

At the time Ms. Wilt's employment was terminated, there were six persons employed by the defendant. It is the declared policy of the Commonwealth "to safeguard all individuals within the Commonwealth from unlawful discrimination because of ... age ... in employment ... ." Virginia Human Rights Act, § 2.1-715, Code of Virginia. Moreover, an employee forty years of age or

older may bring a statutory action for discharge under the Virginia Human Rights Act based upon age discrimination where their employer has in their employ more than five but less than fifteen employees. Any such action must be brought within 180 days of discharge. The General Assembly has specifically provided that:

> Causes of action based upon the public policies reflected in this chapter shall be exclusively limited to those actions, procedures, and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances.

§ 2.1-715(D), Code of Virginia.

It is clear that, absent the bar of the 180-day limitation provided in the Virginia Human Rights Act, the plaintiff would be entitled to seek recovery under the Act for back pay and attorney's fees. § 2.1-775(C). She is fifty-seven years of age. The date of the termination of her employment is March 15, 1996. Ms. Wilt filed the instant action on April 28, 1997.

Plaintiff argues that her claim for wrongful discharge is a common law tort action. She relies upon the exception to the employment at will doctrine which would permit recovery where the discharge of an aggrieved party is violative of a Virginia statute establishing a public policy of the Commonwealth. *Lawrence Chrysler Plymouth v. Brooks*, 251 Va. 94 (1996). Defendant contends that the reliance upon the narrow exception to the employment at will doctrine enunciated in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), is misplaced. The Court agrees with the position of the defendant and will grant the Plea in Bar and dismiss the action for wrongful discharge.

Virginia adheres to the doctrine that, unless otherwise expressly agreed upon between the parties, employment is for an indefinite period and is terminable by either party at will. *Conrad v. Ellison-Harvey Co.*, 120 Va. 458 (1917). As the Supreme Court noted in *Stonega Coal Co. v. L. & N. RR.*, 106 Va. 223 (1906):

> when a contract for the rendition of services, if it is so far incomplete as that the period of its intended duration cannot be determine by a fair inference from its provisions, either party is ordinarily at liberty to terminate it at will on the giving of reasonable notice of his intention to do so.

*Id.* at 226. The concept of employment at will is subject to a narrow exception allowing recovery in a common law tort action where the discharge of employment involves a violation of established public policy. *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985). However, the individual seeking relief for such a discharge must be able to identify a specific statute that articulates the public policy alleged to have been violated by such termination. *Lawrence Chrysler Plymouth Corp. v. Brooks, supra.* Thus, terminations based upon a stockholder's right to vote his shares of stock free from duress and intimidation have been held actionable in tort as violative of the public policy of the Commonwealth enunciated in § 13.1-32 of the Code of Virginia. Similarly, the Supreme Court has permitted common law race- and gender-based actions for wrongful termination predicated upon alleged violations of the Virginia Human Relations Act. Chapter 43 of Title 2.1, Code of Virginia. However, as the Court observed in *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994):

> [w]e recognize that the Virginia Human Rights Act does not create any new causes of action. Code § 2.1-725. Here we do not rely upon the Virginia Human Rights Act to create a new cause of action. Rather, we rely solely on the narrow exception that we recognized in 1985 in *Bowman*, decided two years before the Virginia Human Rights Act.

*Id.* at 105. More recently, the Court reaffirmed the position taken by the majority in *Lockhart, supra*, in allowing the gender-based claim of a mother for her alleged wrongful termination based upon her having given birth to a child. *Bailey v. Scott-Gallagher, Inc.*, 253 Va. 121 (1997). In its reversal of the trial court's sustaining of the defendant's demurrer, the Supreme Court noted:

> we noted in *Lockhart* that while the cause of action for wrongful termination based on gender discrimination arose independently from the Virginia Human Rights Act, the public policy articulation in that Act satisfies our requirement in *Lawrence Chrysler Plymouth Corp.* for identifying a statutory embodiment of the public policy of the Commonwealth.

*Bailey, supra*, at 127.

In 1995, the General Assembly amended the Virginia Human Rights Act to include, *inter alia*, a specific remedy for violations by employers of between

five and fifteen employees and to limit causes of action based upon those public policies set forth in the Act to "those actions, procedures, and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances." § 2.1-725(D), Code of Virginia. As counsel for the defendant has observed, the cause of action in *Bailey, supra,* arose prior to the 1995 amendments, and therefore, the remedy available to the instant plaintiff was not available to the employee in that case.

In response to the certification of a question of Virginia law from the Fourth Circuit, Justice Koontz, writing for the majority, found that an employee, suffering from histoplasmosis contracted while on vacation in Mexico and covered by the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., has a common law cause of action for wrongful discharge based upon his disability or his employer's perception of his disability. *Bradick v. Grumman Data Systems Corp.,* 254 Va. 156 (1997). In *Bradick,* the Court found the necessary statutory expression of public policy for a common law action for wrongful discharge in the Virginia Human Rights Act, *supra,* and in the Virginians with Disabilities Act. §§ 51.5-1 to 51.5-52, Code of Virginia. The Court noted that, although the Virginians with Disabilities Act provides exclusive relief for substantive violations of its provisions, employees covered by the Federal Rehabilitation Act are excluded from obtaining any such relief. Thus, the majority concludes:

> a statute which does not apply to acts of an employer, and provides no remedy to an employee if those acts violate public policy, cannot be said to be a statutory abrogation of an employee's common law cause of action based on those acts ... we hold that, based on the public policy expressed in the VDA and VHRA at the time of Grumman Data's alleged act of discrimination, the common law of Virginia provides a wrongful discharge remedy to an employee such as Bradick, of an employer covered by the federal Rehabilitation Act of 1973 where the employee is discharged on account of his disability or the employer's perception of his disability under the narrow exception recognized in Bowman.

*Id.* at 160-61. This Court is of the opinion that the General Assembly has provided an exclusive remedy for the conduct complained of in this case and that such remedy is contained in the Virginia Human Rights Act. § 2.1-725(E), Code of Virginia. Were such remedy not otherwise available, the plaintiff would be free to pursue her common law tort remedy in accordance with the ruling of *Bowman* and its progeny. Plaintiff's statutory claim is now

time barred. Accordingly, the Court will sustain the Plea in Bar to the "First Cause of Action."

Defendant has filed a motion craving oyer with respect to the written contract relied upon by plaintiff. Plaintiff has suggested to the Court that she does not have the contract in her possession. The Court will deny the motion and overrule the demurrer with respect to such claims. In its consideration of the motion and demurrer, the Court has treated the "Causes of Action" as if they were separate counts. However, the Court will sustain the demurrer with respect to the claim for punitive damages.

The fourth "Cause of Action" sets forth a tort claim for damages based upon emotional distress caused by her termination without having been given reasonable notice. Plaintiff relies upon the hornbook proposition that employment at will contracts require that the employer or employee terminating the relationship give the other party reasonable notice of such termination. This Court finds itself in agreement with the holding in *Perry v. American Home Products Corp.*, Civil Action No. 3:96CV595 (E.D. Va. 1997). In *Perry*, the Court rejected the invitation by a discharged employee to further extend the exception to the doctrine of employment at will and permit recovery in a substantive or independent action for a failure to give "reasonable notice." However, the parties may expressly or impliedly agree, as a term of the contract of employment, as to the nature and extent of notice required of the employer or employee prior to terminating employment. Thus, the parties are left to define what is reasonable under the terms of the contract of employment. See, 27 Am. Jur. 2d, *Employment Relationship*, § 42.

Any such action predicated upon a failure to give notice would be based upon a breach of the contractual relationship between employer and employee. In the instant case, the plaintiff has alleged breach of a written contract of employment. She does not suggest what, if any, notice was required pursuant to the contract of employment and pleads no contract damages as a result of such failure to give reasonable notice. Accordingly, the demurrer to the fourth "Cause of Action" is sustained, as well as to the claims for emotional distress, humiliation, suffering, and punitive damages. *Kamlar v. Haley*, 224 Va. 699 (1983).