Andrew C. PERSON, Jr., Plaintiff,

v.

BELL ATLANTIC—VIRGINIA, INC., Defendant.

No. 2:97CV987.

United States District Court, E.D. Virginia, Norfolk Division.

Feb. 26, 1998.

Thomas F. Hennessy, III, SuAnne L. Hardee, Hardee & Hennessy, P.C., Chesapeake, VA, for Plaintiff.

Betty S.W. Graumlich, McSweeney, Burtch & Crump, Richmond, VA, Donald Bell Haller, Bell Atlantic—Network Services, Inc., Arlington, VA, for Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court for the resolution of plaintiff's Motion to Remand. For the reasons stated below, the court **DENIES** this motion to remand.

### I.   Factual and Procedural History

Plaintiff, Andrew C. Person, Jr., worked as a Services Technician for defendant, Bell Atlantic—Virginia, Inc. (Bell Atlantic) for over twenty-four years.   On July 30, 1996, Bell Atlantic terminated Person's employment. While employed at Bell Atlantic, Person's employment was covered by a collective bargaining agreement known as the 1992–1995 General Agreement (Agreement).   Under the Agreement, Bell Atlantic could only discharge a covered employee for just cause. In addition, Person had the right to submit any disagreement over a dismissal to the exclusive, mandatory grievance and arbitration procedure set forth in the Agreement.

On September 26, 1997, plaintiff filed a Motion for Judgment against defendant in Portsmouth Circuit Court.   The Motion for Judgment alleges (1) wrongful discharge under Virginia's common law exception to the employment at will doctrine, and (2) failure to provide reasonable notice of termination. Plaintiff seeks $65,000 in actual damages,

$2,000,000 in compensatory damages, and $350,000 in punitive damages.

On October 15, 1997, Bell Atlantic removed the action to this court, pursuant to 28 U.S.C. § 1441(b). Section 1441(b) allows for the removal of actions over which the "district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." Bell Atlantic claims that the district court has original federal question jurisdiction under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. However, Person filed this motion to remand the matter to state court, which motion is opposed by Bell Atlantic. The matter is ripe for determination.

## II. Standard of Review

Plaintiff seeks this court to remand the action, based on a lack of subject matter jurisdiction. The removal statute states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

■ The burden of establishing federal jurisdiction is on the party seeking removal. *Wilkins v. Correctional Medical Sys.,* No. 90–7155 (4th Cir.1991) (unpublished); *Wagner v. Regent Investments, Inc.,* 903 F.Supp. 966, 968 (E.D.Va.1995). Furthermore, "because removal jurisdiction raises significant federalism concerns, its application should be strictly construed. If federal jurisdiction is doubtful, a remand is necessary." *Wagner,* 903 F.Supp. at 968.

## III. Discussion

■ Only actions that could have been originally filed in federal court may be removed to federal court by a defendant. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule. The well-pleaded complaint rule provides that a federal question must be presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). This allows a plaintiff to control his complaint; he can avoid federal jurisdiction by relying exclusively on state law. *Id.*

■ A case may not be removed to federal court on the basis of a federal defense, "including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar,* 482 U.S. at 393; *see also, Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). However, once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered a federal claim, and thus arises under federal law. This "complete preemption" doctrine is considered an independent corollary to the well-pleaded complaint rule. *Caterpillar,* 482 U.S. at 393.

■ Bell Atlantic maintains that plaintiff's claim for failure to provide reasonable notice of termination is preempted by § 301 of the Labor Management Relations Act. Section 301 provides, in pertinent part:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Clearly, any state law claim specifically alleging breach of a collective bargaining agreement will be preempted. *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). In addition, the Supreme Court has held that state law claims are preempted by § 301, and hence removable, if such claims are "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar,* 482 U.S. at 394 (quoting *Electrical Workers v.*

*Hechler,* 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987); *see also Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988))(holding that application of state law is preempted if such application requires the interpretation of a collective bargaining agreement).

■ Accordingly, the question is not whether the source of the claim is state law, but whether its resolution requires the interpretation of a collective bargaining agreement. *See McCormick v. AT & T Technologies, Inc.,* 934 F.2d 531, 535 (4th Cir.1991). If a state law claim can be resolved without interpreting the collective bargaining agreement, the claim is "independent" of the agreement for § 301 preemption purposes. *Lingle,* 486 U.S. at 409–10. For example, a state law complaint brought for breach of an individual employment contract is not preempted by § 301 because the contract relied upon is not a collective bargaining agreement, and its application would be independent from any collective bargaining agreement that may also apply. *Caterpillar,* 482 U.S. at 396. In contrast, the Supreme Court has held that a Florida tort law claim alleging that plaintiff's union had breached its duty of care to provide a safe workplace is preempted by § 301. *Electrical Workers v. Hechler,* 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987). The Court's holding was based on its conclusion that Florida law requires an examination of the contract, in that case a collective bargaining agreement, to determine the nature and scope of the duty of care owed by the parties. *Id.* at 860.

■ Plaintiff maintains that his claim for failure to provide reasonable notice of termination is not preempted by § 301. According to Person, Virginia law provides for an implied contract right to reasonable notice of termination in employment relationships. He argues that this claim for breach of an implied contract right is based solely on state law, and thus does not depend on an interpretation of the collective bargaining agreement. What Person fails to realize, though, is that any application of the state right he is relying on would, under Virginia law, require interpreting the collective bargaining agreement.[1]

It is true that some Virginia courts have held that failure to give reasonable notice is actionable as a breach of an implied contract. The courts holding that such an obligation exists have relied on Virginia's employment-at-will doctrine, which provides that "either party is ordinarily at liberty to terminate the contract at will, *upon giving the other party reasonable notice.*" *Laudenslager v. Loral,* 39 Va. Cir. 228 (1996)(emphasis added); *see also Slade v. Central Fidelity Bank, N .A.,* 12 Va. Cir. 291 (1988).

■ In Virginia, the employment-at-will doctrine applies only when a "contract for employment ... contains no provisions from which a fixed period of intended duration can fairly be inferred." *Slade,* 12 Va. Cir. at 291 (quoting *Miller v. SEVAMP, Inc.,* 234 Va. 462, 362 S.E.2d 915, 916 (1987)). In *Laudenslager,* the state court specifically held that there is an implied obligation to give reasonable notice of termination "unless there is an agreement or understanding to the contrary." 39 Va. Cir. at 229. Thus, the right to terminate the contract at will, and the corresponding obligation of reasonable notice, are the default rules. They apply only in the absence of any agreement to the contrary. Clearly then, under Virginia law it is necessary to refer to and interpret any applicable employment contract to determine what the parties' obligations are with regard to their employment relationship.

■ In this case, the governing contract is the collective bargaining agreement known as the 1992–1995 General Agreement.

---

1. Person seems to assume that the Agreement would only have to be referred to in determining damages, and not in determining the underlying claim. *See* Motion to Remand at 5 (citing *Lingle,* 486 U.S. at 413 n. 12, which held that a "collective-bargaining agreement may ... contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled .... Although federal law would govern the interpretation of the agreement to determine the proper damages, the underlying state-law claim, not otherwise pre-empted, would stand.") For the reasons stated herein, Person's assumption is incorrect.

A court would have to refer to that contract in determining whether, and to what extent, the employer had an obligation to provide reasonable notice of termination. *See McCormick,* 934 F.2d at 536 (holding state tort claims, arising out of the employer's disposal of employee's locker contents, were preempted because resolution would require interpretation of the collective bargaining agreement to determine whether the employer was authorized to act as it did). In addition, the collective bargaining agreement need not explicitly refer to a reasonable notice of termination to be applicable. *McCormick,* 934 F.2d at 536. A collective bargaining agreement consists of "an industrial common law—the practices of the industry and the shop—[which] is equally a part of the collective bargaining agreement although not expressed in it." *Id.* (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 581–82, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)).

For the foregoing reasons, Person's claim based on defendant's failure to provide reasonable notice of termination is preempted by § 301 of the Labor Management Relations Act. Accordingly, this court has federal question subject matter jurisdiction over plaintiff's action. Because removal was proper, the court **DENIES** plaintiff's motion to remand.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for the parties.

It is so **ORDERED.**