# CIRCUIT COURT OF THE CITY OF RICHMOND

Shirley Peyton

v.

United Southern Aluminum
Products, Inc., et al.

June 8, 1999

Case No. LE-3005-4

BY JUDGE RANDALL G. JOHNSON

I have now read the submissions and all of the cases cited. I do not believe it would be helpful to recite the facts of this case or to discuss and analyze the competing arguments involved. Obviously, it is far from settled whether Virginia recognizes a cause of action for constructive discharge. It is also far from settled whether Virginia's criminal statutes embrace a public policy that people should be free from the conduct made illegal by those statutes sufficient to create a *Bowman*-type claim for wrongful discharge. In fact, there are well-reasoned and well-written opinions on both sides of both issues. After considering the submissions and all of the cases cited, however, I am of the opinion that constructive discharge is a viable cause of action in Virginia, and I specifically adopt Judge Hughes' opinion in *Lundy v. Cole Vision Corp.*, 39 Va. Cir. 254 (City of Richmond, 1996), and Judge McGrath's opinion in *Gochenour v. Beasley*, 47 Va. Cir. 218 (Rockingham County, 1998), as my position on that issue.

With regard to whether Virginia's criminal statutes embrace public policy sufficient to create a *Bowman*-type claim, I again adopt Judge McGrath's opinion in *Gochenour* as my holding in this case. Specifically, I believe that the criminal statutes cited by plaintiff, Va. Code § 18.2-387 (indecent exposure), Va. Code § 18.2-57 (assault and battery), and Va. Code § 18.2-67.4 (sexual battery), all encompass public policies that citizens of the Commonwealth should be free from being victims of the specific conduct

made unlawful by those laws. Because the motion for judgment alleges that plaintiff was forced to resign her employment or continue to be a victim of that illegal conduct, a *Bowman*-type claim is sufficiently pleaded. Defendants' demurrer will be overruled.