## CIRCUIT COURT OF LOUDOUN COUNTY

Denise A. Brehm

v.

David Mathis

March 11, 2002

Case No. (Law) 25917

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on March 1, 2002, for argument on the Demurrer of the Defendant, Dr. David Mathis, to the Motion for Judgment filed herein by the Plaintiff, Denise A. Brehm.

After consideration of the argument of counsel, the Demurrer is sustained and the Motion for Judgment is dismissed with prejudice.

The facts as alleged in the Motion for Judgment are as follows. The Plaintiff was employed by the Defendant as an "at-will" employee on October 5, 2000, as an office manager with an annual salary of $36,811.00. The Defendant "conducts business as a medical service office." The Plaintiff was discharged by the Defendant on May 21, 2001, without notice by the Defendant. The Plaintiff did not receive any severance or other payment in lieu of notice. A demand for payment equal to thirty days' salary of $3,067.58 in lieu of notice was made and refused by the Defendant.

The Plaintiff alleges in the Motion for Judgment that she was entitled to reasonable notice of employment termination. Because this is an alleged conclusion of law, the Defendant in filing a demurrer does not admit its correctness.

As alleged in the Motion for Judgment and as argued by counsel, the main issue raised in this case is whether under Virginia law an at will employee has an independent cause of action against his or her employer for failure to give reasonable notice of termination. I think that Virginia does not recognize such a cause of action.

The employment-at-will doctrine is firmly entrenched in Virginia law. The doctrine can be traced back to *Stonega Coal and Coke Co. v. Louisville & N. RR.*, 106 Va. 223 (1906), which held:

> [W]hen a contract calls for the rendition of services, if it is so far incomplete as that the period of its intended duration cannot be determined by a fair inference from its provisions either party is ordinarily at liberty to terminate it at will *on giving reasonable notice of his intention to do so.*

106 Va. at 226 (emphasis added).

The subsequent decisions of the Virginia Supreme Court have continued to include reasonable notice language in describing the at will employment rule. For example, in *Miller v. SEVAMP, Inc.*, the Supreme Court stated:

> Virginia adheres to the common-law rule that when the intended duration of a contract for the rendition of services cannot be determined by fair inference from the terms of the contract, then either party is ordinarily at liberty to terminate the contract at will, upon giving the other party reasonable notice.

234 Va. 462, 465, 362 S.E.2d 915 (1987) (emphasis added).

The Plaintiff argues that the emphasized language set forth above creates an independent cause of action for failure to give reasonable notice of termination of an at will employee. The allegations of the Motion for Judgment indicate the position that reasonable notice is notice given thirty days before termination becomes effective or it is notice of immediate termination with thirty days' pay. Hence, the Plaintiff asserts that there is a "reasonable notice" exception to the employment-at-will doctrine.

Counsel have cited conflicting decisions as to whether there is a "reasonable notice" exception to the employment-at-will doctrine. The Defendant cites *Perry v. American Home Products Corp.*, 1997 U.S. Dist. lexis 2521 (E.D. Va. March 4, 1997), and *Wilt v. Water and Wastewater Equipment Manufacturers Assn., Inc.*, 43 Va. Cir. 118 (1997). Both cases hold that an at will employee does not have an independent cause of action for failure of the employer to give reasonable notice of termination.

The Plaintiff cites *Person v. Bell Atlantic —Virginia, Inc.*, 993 F. Supp. 958 (E.D. Va. 1998), and *Laudenslager v. Loral*, 39 Va. Cir. 228 (1996). These two cases do seem to hold that there is an implied obligation to give

reasonable notice of termination unless there is an agreement to the contrary. However, *Person* was a federal preemption case, which held that a claim based on a failure to provide reasonable notice of termination was preempted by the federal Labor Management Relations Act. It was not necessary in *Person* for the District Court to determine the state law on giving notice of termination to an at will employee.

*Laudenslager* holds that there is an implied obligation requiring each party to an at will employment relationship to give the other reasonable notice of termination unless there is an agreement to the contrary and that failure to give such notice is actionable as a breach of an implied contract. The opinion involved a ruling on a demurrer, but it does not recite the allegations of the motion for judgment.

*Person* cites *Slade v. Central Fidelity Bank*, 12 Va. Cir. 291 (1988), in support of the proposition that the failure to give reasonable notice is actionable as a breach of contract. *Slade* holds that (1) there is no exception to the reasonable notice requirement for a bank teller employed at will and (2) no notice to an at will employee of twenty-four years is *prima facie* unreasonable even though the motion for judgment did not set forth what is reasonable notice.

Counsel have not cited, and I have not found, a decision of the Virginia Supreme Court that explains the nature of the reasonable notice of termination obligation that is always included in any explanation of the employment-at-will doctrine. The Plaintiff argues that this obligation requires the employer of an at will employee to give the employee notice of his termination a reasonable period of time before he is actually in fact terminated. I do not agree with this argument because it conflicts with the essence of an at will employment, namely, that the period of its intended duration cannot be determined. Adding a required period of time that is reasonable between notice of termination and actual termination undermines the indefinite duration element of an at will employment.

I think that it is logical and consistent with the at will employment doctrine to construe the reasonable notice obligation to mean that an at will employee is entitled to reasonable notice that he is terminated. The notice requirement has nothing to do with a time period before the termination becomes effective. It has everything to do with the nature of the notice. I think it means that the notice of termination must reasonably notify the at will employee that he is terminated as of a certain date and time. The requirement of reasonable notice prevents the employer from terminating an at will employee without advising the employee that he is terminated. Without such

a reasonable notice requirement, an employer could terminate an at will employee without notifying him, the employee would continue to work for the employer, the employer would get the benefit of the employee's services, but the employee would have no recourse under the at will employment doctrine.

I agree with the reasoning in *Perry* and *Wilt* that allowing an at will employee to sue his employer in an independent cause of action for failure to give reasonable notice would create an exception to the at will employment doctrine that would eviscerate the doctrine itself. With all due respect, I think that *Person, Laudenslager*, and *Slade* rest upon taking a few words out of the definition of at will employment and using them to create a cause of action that is inconsistent with the very nature of employment-at-will. Such an alteration of the doctrine is best left to the Virginia legislature or Supreme Court. See *Miller v. SEVAMP, Inc.*, 234 Va. at 468.

The Defendant asserts two other grounds for his Demurrer. He argues that the Plaintiff has not pleaded the nature and extent of her damages, and, therefore, has not stated a viable claim. In my opinion, this ground in and of itself is not a sufficient reason to sustain a demurrer, because the Plaintiff did allege damages in her motion for judgment, namely, thirty days' salary. If she did have a viable cause of action for failure to give reasonable notice of termination, then her damages would be as she alleged.

The Defendant also argues that the Plaintiff has failed to allege a cause of action entitling her to recover legal fees from the Defendant. Even if the Plaintiff had stated a viable cause of action for failure to give reasonable notice of termination, she has offered no authority that she is entitled to recover legal fees. The Demurrer is sustained on this ground.

For the foregoing reasons, the Demurrer is sustained. The Plaintiff cannot amend the Motion for Judgment to state a cause of action. Therefore, no leave to file an amended motion for judgment is granted, and this case is dismissed with prejudice.