PRESENT:  All the Justices

BRENDA JOHNSTON

v.  Record No. 151160

WILLIAM E. WOOD & ASSOCIATES, INC.[1]

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
June 2, 2016

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glenn R. Croshaw, Judge

More than 100 years ago, we held that when an employment contract does not specify a

time period for its duration, "either party is ordinarily at liberty to terminate it at-will on giving

*reasonable notice* of his intention to do so."  Stonega Coal & Coke Co. v. Louisville & Nashville

R.R. Co., 106 Va. 223, 226, 55 S.E. 551, 552 (1906) (emphasis added).  Brenda Johnston, who

was discharged without advance notice, argues that "reasonable notice" includes a temporal

component, i.e., the notice must be provided at some reasonable time before the termination of

the employment relationship.  William E. Wood & Associates, Inc., Johnston's former employer,

counters that "reasonable notice" in this context simply means effectual notice that the

employment has been terminated.  We agree with the employer.

I.  BACKGROUND

Brenda Johnston worked at William E. Wood & Associates, a real estate services firm,

for 17 years.  She was an at-will employee.  Johnston's employer terminated her without any

advance notice.  She sued, alleging that she was wrongfully discharged and that her employer

breached an implied term of her employment contract.  The employer demurred, arguing that

---

[1] The name of the appellee has been revised based on appellee's indication, made in footnote 1 of its March 26, 2015 memorandum in support of its demurrer to the plaintiff's complaint, that "the name of the [firm] is 'William E. Wood & Associates, Inc.'"

Virginia does not recognize either cause of action. Following argument of counsel, the circuit court granted the demurrer.

## II. ANALYSIS

"Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo." Dreher v. Budget Rent-A-Car Sys., Inc., 272 Va. 390, 395, 634 S.E.2d 324, 326-27 (2006).

> Virginia adheres to the common-law rule that when the intended duration of a contract for the rendition of services cannot be determined by fair inference from the terms of the contract, then either party is ordinarily at liberty to terminate the contract at-will, upon giving the other party reasonable notice.[2]

Miller v. SEVAMP, Inc., 234 Va. 462, 465, 362 S.E.2d 915, 916-17 (1987). The at-will doctrine constitutes a cornerstone of the Commonwealth's employment law. Although we have repeatedly stated that the notice given must be "reasonable," we have not addressed what "reasonable notice" means and, specifically, whether reasonable notice means advance notice.[3]

---

[2] For a history of the development of the doctrine in Virginia, see Gary S. Marshall & Maris M. Wicker, The Status of the At-Will Employment Doctrine in Virginia After Bowman v. State Bank of Keysville, 20 U. Rich. L. Rev. 267 (1986).

[3] This issue has divided circuit courts and United States district courts. Courts in the following cases concluded that "reasonable notice" does not entail advance notice: Calquin v. Doodycalls Fairfax VA LLC, No. 1:09cv543, 2009 U.S. Dist. LEXIS 83936, at *4-10 (E.D. Va. Sept. 11, 2009); Jafari v. Old Dominion Transit Mgmt. Co., No. 3:08-CV-629, 2008 U.S. Dist. LEXIS 97037, at *27 n.15 (E.D. Va. Nov. 26, 2008); Perry v. American Home Prods. Corp., No. 3:96cv595, 1997 U.S. Dist. LEXIS 2521, at *22-26 (E.D. Va. Mar. 4, 1997); Rubin v. American Soc'y of Travel Agents, Inc., 78 Va. Cir. 1, 4-6 (2008); Brehm v. Mathis, 59 Va. Cir. 31, 33-34 (2002); and Wilt v. Water & Wastewater Equip. Mfrs. Ass'n, Inc., 43 Va. Cir. 118, 122 (Loudoun Cnty. Cir. Ct. July 21, 1997). In the following cases, courts found to the contrary: Mercado v. Lynnhaven Lincoln-Mercury, Inc., No. 2:11cv145, 2011 U.S. Dist. LEXIS 122145, at *34-37 (E.D. Va. Oct. 21, 2011); Wells v. G.R. Assocs., Inc., No. 00-1408-A, 2000 U.S. Dist. LEXIS 22982, at *18-21 (E.D. Va. Nov. 22, 2000); Tingle v. Chasen's Bus. Interiors, Inc., 41 Va. Cir. 451, 454-55 (Norfolk Cir. Ct. February 27, 1997); Laudenslager v. Loral, 39 Va. Cir. 228, 229 (Chesapeake Cir. Ct. May 6,1996); and Slade v. Central. Fid. Bank, 12 Va. Cir. 291, 291-92 (Campbell Cnty. Cir. Ct. June 13, 1988).

The nature of the at-will relationship supplies the answer. At-will employment offers maximum flexibility to an employer and an employee. An employee remains "at liberty to leave his employment for any reason or for no reason." Id. at 465, 362 S.E.2d at 917. By the same token, the employer is free to terminate the employment relationship without the need to articulate a reason. Id. We have observed that an employer may terminate an at-will employee "at any time without more ado."[4] Hoffman Specialty Co. v. Pelouze, 158 Va. 586, 594, 164 S.E. 397, 399 (1932). Imposing a requirement of reasonable advance notice is antithetical to the flexibility that lies at the heart of the at-will doctrine and would undermine the indefinite duration element of at-will employment.[5]

In addition, a contrary ruling would create a great deal of uncertainty in employment relations. Johnston acknowledges that what is reasonable will vary based on each employment situation. She concedes that immediate notice of termination would be appropriate in some situations, but she argues that, for others, some advance notice of unspecified duration is necessary. Were we to adopt this amorphous standard, every employer would have to gauge what is reasonable advance notice under the circumstances, and if the employer guesses wrong, face the prospect of an expensive trial with an uncertain outcome. Conversely, employees could be sued by their employers for failing to provide sufficient advance notice before leaving, thus deterring employees from seeking better prospects elsewhere. Every decision to terminate an

---

[4] We have, of course, recognized some limitations to the at-will doctrine. See, e.g., Bowman v. State Bank of Keysville, 229 Va. 534, 331 S.E.2d 797 (1985) (recognizing an exception for employees who have been discharged in violation of an established public policy).

[5] In several of our cases, the employee was terminated without advance notice, a fact that passed without comment by either the litigants in those cases or this Court. See Lockhart v. Commonwealth Educ. Sys. Corp., 247 Va. 98, 100-02, 439 S.E.2d 328, 329-30 (1994); Miller, 234 Va. at 463-64, 362 S.E.2d at 916; Bowman, 229 Va. at 536-38, 331 S.E.2d at 798-99.

employment relationship, or of an employee to quit a job, would become a jury question – hardly the clear, flexible rule that the at-will doctrine contemplates.

More than 100 years have passed since our decision in Stonega Coal. This Court has not during this considerable span interpreted the term reasonable notice to include advance notice by the employer or the employee that the at-will employment has ended. A change so fundamental to employment relations in Virginia should be left to the legislature, which is best situated to study the employment relationship and fashion appropriate remedies to address specific problems or changing conditions. See, e.g., Bailey v. Loudoun Cnty. Sheriff's Ofc., 288 Va. 159, 178, 762 S.E.2d 763, 772 (2014) ("[I]t is the responsibility of the legislature, not the judiciary, to formulate public policy [and] to strike the appropriate balance between competing interests.") (second alteration added) (quoting Wood v. Board of Supervisors, 236 Va. 104, 115, 372 S.E.2d 611, 618 (1988)).

We hold that the phrase "reasonable notice" simply means effective notice that the employment relationship has ended. Without such notice, an employee who has not received notice that the employment has been terminated will likely continue to work, only to learn at some later time that she was no longer an employee and, therefore, will not be paid for her effort. Similarly, an employer who has not received effectual notice that the employee has quit might well continue paying the employee who no longer works there. To avoid this problem of uncompensated effort or undeserved compensation, a requirement of reasonable, i.e., effectual, notice makes sense. There is no doubt that the employer's notice here satisfies that criterion.

The circuit court correctly granted the employer's demurrer to Johnston's claims of wrongful termination and breach of a term of an implied contract because, as a matter of law,

4

there was no wrongful termination and there was no such implied term in Johnston's at-will employment.

## III.  CONCLUSION

We affirm the judgment of the circuit court.

Affirmed.