## CIRCUIT COURT OF FAIRFAX COUNTY

Hirschman

v.

Fairfax Imports, Inc.

September 6, 1989

Case No. (Law) 91555

By JUDGE ROSEMARIE ANNUNZIATA

The demurrer of defendant, Fairfax Imports, Inc., is disposed of as follows:

1. With respect to plaintiff's claim of obstruction of justice, the demurrer is sustained as such a claim is not recognized under Virginia law governing civil actions.

2. With respect to plaintiff's claim of breach of contract based on defendant's alleged failure to provide him a written description of the mechanical problem defendant identified as existing in plaintiff's car, the demurrer is sustained as defendant did not contractually obligate itself to provide such a written description. As a matter of law, a *mere promise* made after the original contract for services was performed is not sufficient to sustain a contract claim. *Southern Ry. v. Willcox*, 98 Va. 222 (1900); *Norris v. Barbour*, 188 Va. 723 (1949).

3. With respect to defendant's claim for punitive damages, the demurrer is sustained as plaintiff fails to state a cognizable cause of action upon which punitive damages can be predicated. *Kamlar Corp. v. Haley*, 224 Va. 699 (1983).

4. With respect to defendant's claim of breach of contract based on defendant's alleged failure to return certain automotive parts, defendant's demurrer is sustained. While plaintiff appears to allege facts sufficient to make out a claim for a breach of contract, they are plead in a manner which is confused and difficult to follow.

5. Leave to amend is denied with respect to all claims, with the exception of the claim for breach of contract based on those facts referenced in paragraph 4 of this letter. If replead, the facts in support of plaintiff's breach of contract claim must be set forth with the requisite clarity to be sufficient. Leave to amend is specifically conditioned on plaintiff's filing his amendment in the form of a Motion for Judgment.