## CIRCUIT COURT OF THE CITY OF RICHMOND

Sharon A. Holmes

v.

Don Tiedeken and
Overnite Transportation Co.

August 7, 1995

Case No. LA-643-4

BY JUDGE RANDALL G. JOHNSON

Plaintiff filed this action claiming that she was terminated from her employment as a clerk with Foremost Salvage, a retail store located on Williamsburg Road in Richmond, because she is black. Her motion for judgment seeks to state a cause of action under Virginia's Human Rights Act, Va. Code § 2.1-714 *et seq.*, and under the "policy of the Commonwealth of Virginia which entitle[s] its citizens the right to a work place free of discrimination based upon race." Named as defendants are Overnite Transportation Company, which owns and operates Foremost, and Don Tiedeken, Foremost's manager.

Defendants have demurred to the motion for judgment. The demurrer is based on three grounds. First, defendants claim that no cause of action can be stated against Tiedeken since he was not plaintiff's employer. Second, defendants argue that no cause of action can be stated under the Human Rights Act since that act does not authorize suit. And third, defendants argue that the "clear legislative intent expressed by the General Assembly" in amending the Human Rights Act in 1995 mandates a finding that no common law cause of action exists to challenge race-based terminations in state court. While the court agrees with defendants' demurrer as it relates to the Human Rights Act, the demurrer will otherwise be overruled.

In *Lockhart v. Commonwealth Education Systems*, 247 Va. 98, 439 S.E.2d 328 (1994), the Supreme Court of Virginia held that the narrow

exception to Virginia's employment-at-will doctrine recognized in *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985); and further explained in *Miller v. SEVAMP, Inc.*, 234 Va. 462, 362 S.E.2d 915 (1987), includes instances where employees are terminated because of discrimination based on race and sex. At the same time, the Court recognized that no cause of action is available under the Human Rights Act. The Court said:

> We recognize that the Virginia Human Rights Act does not create any new causes of action. Code § 2.1-725. Here, we do not rely upon the Virginia Human Rights Act to create new causes of action. Rather, we rely solely on the narrow exception that we recognized in 1985 in *Bowman*, decided two years before the enactment of the Virginia Human Rights Act.

247 Va. at 105.

Thus, while a claim of wrongful discharge based on race can be maintained under Virginia's general policy against racial discrimination in employment, such a claim cannot be maintained under the Human Rights Act. Defendants' demurrer to plaintiff's Human Rights Act claim will be sustained.

Defendants further argue that the 1995 amendments to the Human Rights Act, or at least the legislative history surrounding those amendments, have somehow overruled or abrogated the holding of *Lockhart*. This argument is flatly rejected.

In *Lockhart*, the Supreme Court recognized what this court trusts is obvious; that is, that:

> Without question, it is the public policy of this Commonwealth that all individuals within this Commonwealth are entitled to pursue employment free of discrimination based on race or gender. Indeed, racial or gender discrimination practiced in the work place is not only an invidious violation of the rights of the individual, but such discrimination also affects the property rights, personal freedoms, and welfare of the people in general.

This court refuses to entertain the notion that the General Assembly, through statute, legislative history, or otherwise, has done anything at all to even remotely suggest that it would alter that public policy. The court also rejects defendants' arguments, contained in its written memorandum, regarding the at-will nature of plaintiff's employment and the reason given

by defendants for plaintiff's discharge. After all, it was the specific holding of *Lockhart* that race-based and sex-based terminations are exceptions to the employment-at-will doctrine, and whether the reason stated by defendants for plaintiff's termination was the real reason, or whether the real reason was plaintiff's race as she alleges in her motion for judgment, is a question of fact which cannot be reached on demurrer.

Finally, defendants argue that Tiedeken is not a proper defendant in this suit. In support of their argument, defendants cite the recent amendment to the Human Rights Act allowing suits, in specified cases, against "the employer." *See* Va. Code § 2.1-725(B) and (C). Defendants also cite cases decided under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, to support their position that only the employer, not agents and employees of the employer, can be sued. The court rejects defendants' argument.

With regard to the Human Rights Act, the court has already agreed with defendants that it does not apply. Its restrictions, then, also do not apply. Likewise, any restrictions contained in the federal laws just cited, either in the statutes themselves or in the case law, also do not apply. Indeed, in light of the strong public policy against unlawful discrimination, this court can think of no reason why employees, who are personally liable for violating Virginia's traffic laws during the course of their employment and causing injury, should not also be personally liable for violating Virginia's public policy against unlawful discrimination during the course of their employment and likewise causing injury. In other words, this court refuses to give more dignity to Virginia's traffic laws than to Virginia's policy of nondiscrimination. Defendants' demurrer in this regard will be overruled.