JUSTICE LACY
delivered the opinion of the Court.
*288 In this appeal we consider whether Code § 2.1-725 of the Virginia Human Rights Act (VHRA), Code §§ 2.1-714 et seq., prohibits a common law cause of action for wrongful termination based on a violation of public policies enunciated in both the VHRA and other provisions of state, federal, or local statutes or ordinances.
Deborah A. Conner was terminated by her employer, the National Pest Control Association, Inc. (NPCA), in September of 1995. She filed a common law cause of action for wrongful termination against NPCA, alleging that her termination “constituted discrimination . . . based on her gender” and that it violated the public policy against retaliation for complaints of discrimination in employment as articulated in the VHRA and other provisions of Virginia and federal law.[1] Conner sought $1,000,000 in compensatory damages, $350,000 in punitive damages and attorneys’ fees.
NPCA filed a demurrer claiming that Conner’s motion for judgment failed to state a cause of action because the common law cause of action asserted was eliminated by the 1995 amendments to the VHRA. NPCA, relying on Doss v. Jamco, Inc., 254 Va. 362, 492 S.E.2d 441 (1997), contended that the 1995 amendments to the VHRA restricted the remedy for wrongful termination of employment based on a violation of a public policy found in the VHRA to a statutory remedy. The trial court agreed and entered an order dismissing Conner’s motion for judgment for failure to state a cause of action.
On appeal Conner asserts, as she did in the trial court, that even if the 1995 amendments to the VHRA as interpreted in Doss “effectively prohibited a victim of discrimination from relying on the public policy articulated in the VHRA” as the basis for a common law action, they do not prohibit reliance “upon other state or federal laws, or upon the public policies enunciated elsewhere.” We disagree.
The plaintiff in Doss, relying on Bowman v. State Bank of Keysville, 229 Va. 534, 331 S.E.2d 797 (1985), and Lockhart v. Commonwealth Education Systems, 247 Va. 98, 439 S.E.2d 328 (1994), filed a common law action against her employer claiming that her *289 termination violated Virginia’s public policy against discrimination on the basis of gender as enunciated in the VHRA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. She maintained that the 1995 amendments to the VHRA did not alter her common law cause of action. In response to a question certified to us by the United States Court of Appeals for the Fourth Circuit, we held that the plain meaning of the 1995 amendments required the conclusion that the General Assembly abrogated the common law action for wrongful termination based upon a violation of the public policies contained in the VHRA. Doss, 254 Va. at 372, 492 S.E.2d at 447. Although the decision in Doss was limited to a cause of action for wrongful termination relying on the VHRA as the source of the public policy allegedly violated, id. at 366, 492 S.E.2d at 443, the rationale of that decision controls the disposition of this case.
Our decision in Doss centered on the application of subsection D of Code § 2.1-725, which was added to the VHRA in 1995. That subsection provides:
Causes of action based upon the public policies reflected in this chapter shall be exclusively limited to those actions, procedures and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances.
We concluded that this subsection plainly manifested the General Assembly’s intent to alter the common law and to limit actions based on violations of the policies reflected in the VHRA to applicable statutory causes of action and remedies. Id. at 371, 492 S.E.2d at 446. Thus, we held that the plaintiff in Doss could not maintain her common law action based on alleged violations of policy stated in the VHRA, because allowing her to do so would circumvent and render meaningless the mandate of subsection D that the actions for violations of such policies be “exclusively limited” to statutory causes of action. Id.
In this case, just as in Doss, subsection D’s exclusivity requirement would be circumvented and rendered meaningless if Conner could maintain her common law action based upon an alleged violation of a policy enunciated in the VHRA by simply citing a different Code section or other source of public policy which enunciated the same policy. Furthermore, the General Assembly did not limit the exclusivity provision to those causes of action relying on the VHRA itself as the source of the public policy statements. *290 Rather, it made statutory causes of action the exclusive avenues for pursuing a remedy for an alleged violation of any public policy “reflected in” the VHRA. Therefore, we conclude that the General Assembly, in enacting the 1995 amendments to the VHRA, eliminated a common law cause of action for wrongful termination based on any public policy which is reflected in the VHRA, regardless of whether the policy is articulated elsewhere.
Accordingly, we will affirm the trial court’s order sustaining the demurrer of NPCA and dismissing Conner’s motion for judgment for failure to state a cause of action.[2]

Affirmed.

 Specifically Conner relied on art. 1, § 1 of the Virginia Constitution, Chapter 11, § 11-1-1 et seq. of the Fairfax County Code, Virginia Code §§ 2.1-374, 8.01-42.1, 11-44, 11-51, 15.1-37.3:8 (repealed and reenacted in substance as § 15.2-965 (1997)), 15.1-48.1 (repealed and reenacted in substance as § 15.2-1604 (1997)), 36-96.1, 38.2-2212(C1), 38.2-2213, 38.2-4312(3)(E) (1994), as amended 38.2-4312(D) (1998), 59.1-21.21:1 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq..

 We do not consider Conner’s assignment of error that the trial court erred in holding that the 1995 amendments to the VHRA do not violate the equal protection clause of the United States Constitution, because the trial court’s order does not reflect such a holding, and the issue of the constitutionality of a statute is not properly before us on review of an order sustaining a demurrer.