# CIRCUIT COURT OF THE CITY OF RICHMOND

Matoka T. Altemus

v.

Medical College
of Virginia Hospitals
and Mary Kretz

April 13, 2000

Case No. LL-393-4

BY JUDGE RANDALL G. JOHNSON

In this action, plaintiff alleges that she was discriminated against because of her race in her employment as a registered nurse with the Medical College of Virginia Hospitals of Virginia Commonwealth University (MCV). Defendants are MCV and Mary Kretz, plaintiff's supervisor. Plaintiff seeks compensatory damages (Count I) and an order requiring defendants to comply with the decision of a hearing officer who heard her administrative grievance (Count II). Defendants have filed a plea of sovereign immunity and a demurrer.

The motion for judgment alleges that plaintiff was terminated from her employment for giving a patient an improper dose of medicine. The motion for judgment further alleges that a white nurse who administered an improper dose of the same medicine to the same patient was not terminated. Plaintiff filed an administrative grievance under MCV's grievance procedure. She was ordered reinstated, but with ten days of unpaid suspension. No other conditions were put on her reinstatement by the hearing officer. Upon reporting back to work, however, plaintiff was told by Kretz that she would have to work four weeks under a "preceptor," or tutor; that she would work days and evenings instead of at night as she had worked before her

termination; that she would have to meet with Kretz on a weekly basis; and that she could not function as a "resource" or sole registered nurse on the unit.

In their plea of sovereign immunity, defendants argue that because plaintiff seeks injunctive relief and because the Commonwealth has not consented to be sued for injunctive relief in cases such as this, the suit must be dismissed. In their demurrer, defendants argue that plaintiff's right to bring a common law action for racial discrimination has been abrogated by the Virginia Human Rights Act, Va. Code §§ 2.1-714 *et seq.*, and that the court lacks the power to order compliance with the hearing officer's decision. The court will sustain defendants' demurrer to both counts, with leave to plaintiff to amend Count II. No ruling or opinion is expressed with regard to the plea of sovereign immunity.

## I. *Discrimination Claim*

Virginia Code § 2.1-716 provides:

> Conduct which violates any Virginia or federal statute or regulation governing discrimination on the basis of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, or disability shall be an "unlawful discriminatory practice" for the purposes of this chapter.

Virginia Code § 2.1-725(D) provides, in part:

> Causes of action based upon the public policies reflected in this chapter shall be exclusively limited to those actions, procedures and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances.

In *Holmes v. Tiedeken*, 36 Va. Cir. 491 (1995), which involved alleged discrimination that occurred before the Human Rights Act was amended to include § 2.1-725(D), this court held that the amendment did not preclude common law causes of action for employment discrimination. After citing *Lockhart v. Commonwealth Education Systems*, 247 Va. 98, 439 S.E.2d 328 (1994), for the proposition that the cause of action in that case arose not under the Virginia Human Rights Act but under Virginia's general policy against racial discrimination in employment, the court continued:

Defendants ... argue that the 1995 amendments to the Human Rights Act, or at least the legislative history surrounding those amendments, have somehow overruled or abrogated the holding of *Lockhart*. This argument is flatly rejected.

In *Lockhart*, the Supreme Court recognized what this court trusts is obvious; that is, that: "Without question, it is the public policy of this Commonwealth that all individuals within this Commonwealth are entitled to pursue employment free of discrimination based on race or gender. Indeed, racial or gender discrimination practiced in the work place is not only an invidious violation of the rights of the individual, but such discrimination also affects the property rights, personal freedoms, and welfare of the people in general.[1]"

This court refuses to entertain the notion that the General Assembly, through statute, legislative history, or otherwise, has done anything at all to even remotely suggest that it would alter that public policy.

Subsequent decisions of the Supreme Court, however, make it clear that this court's holding in *Holmes*, if made in a case involving discrimination occurring after the effective date of the 1995 amendments, would not be affirmed on appeal. In *Doss v. Jamco*, 254 Va. 362, 492 S.E.2d 441 (1997), the following question was certified to the Court by the United States District Court for the Western District of Virginia (Lynchburg Division):

Does Va. Code § 2.1-725(D) prohibit a common law cause of action based upon the public policies reflected in the Virginia Human Rights Act, Va. Code § 2.1-714 *et seq.*?

254 Va. at 365.

In answering the question in the affirmative, the Court said:

In our opinion, in amending the Act by adding subsection D to Va. Code § 2.1-725 in 1995, the General Assembly plainly manifested its intention to alter the common law rule with respect to "[c]auses of action *based upon the public policies reflected in [the Act].*" (Emphasis added.) And, just as plainly, the General Assembly altered the common law rule by providing that such causes of action "shall be *exclusively limited* to those actions, procedures and remedies, if

---

[1]  247 Va. at 105.

any, afforded by applicable federal or state civil rights statutes or local ordinances." (Emphasis added.)

*Id.* at 371.

If *Doss* left any doubt about the ability to bring a common law action based on a violation of a public policy "reflected" in the Human Rights Act, even if such public policy is set out elsewhere, that doubt was erased by the Supreme Court's holding in *Conner v. National Pest Control Assn.*, 257 Va. 286, 513 S.E.2d 398 (1999). There, the plaintiff argued that even if the 1995 amendments to the Human Rights Act as interpreted in *Doss* "effectively prohibited a victim of discrimination from relying on the public policy articulated in the" Virginia Human Rights Act as the basis for a common law action, they do not prohibit reliance "upon other state or federal laws, or upon the public policies enunciated elsewhere." 257 Va. at 288. The Supreme Court disagreed:

> [W]e conclude that the General Assembly, in enacting the 1995 amendments to the VHRA, eliminated a common law cause of action for wrongful termination based on *any* public policy which is reflected in the VHRA, *regardless of whether the policy is articulated elsewhere.*

257 Va. at 290 (emphasis added).

In spite of these clear holdings, plaintiff argues that her common law action can proceed for two reasons. First, plaintiff argues that *Doss* and *Conner* involved private employers while her claim is against a public employer. Second, she argues that *Doss* and *Conner* involved claims of discrimination based on state statutes and local ordinances, while her claim is based on her right under Article I, § 11, of the Constitution of Virginia to be free from "any governmental discrimination upon the basis of religious conviction, race, color, sex, or national origin ...." In fact, plaintiff argues that Article I, § 11's provision for jury trials makes it clear that common law actions against public employers for unlawful discrimination cannot be abolished in the absence of a constitutional amendment. The court must reject both arguments.

With regard to the fact that plaintiff's claim is against a public employer, there is nothing in the Human Rights Act that limits its application to private employment. Section 2.1-725(D) provides that "[c]auses of action based upon the public policies reflected in this chapter shall be exclusively limited to those actions, procedures, and remedies, if any, afforded by applicable federal or

state civil rights statutes or local ordinances." The court cannot read into the statute "[c]auses of action *against private employers* based upon public policies ...."

With regard to the fact that plaintiff bases her claim on the Constitution of Virginia, the plaintiff in *Conner* also made a constitutional claim. Specifically, she claimed that the employer's action violated Article I, § 11, of the Constitution of Virginia. *See* 257 Va. at 288, n. 1. As noted already, the Supreme Court rejected plaintiff's argument and held that the Human Rights Act eliminated her common law cause of action, "regardless of whether the policy is articulated elsewhere."

The court also rejects plaintiff's argument that the inclusion of the guarantee of jury trials in Article I, § 11, somehow makes suits against public employers different from suits against private employers. The pertinent portion of Article I, § 11, provides:

> That in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other, and ought to be held sacred. The General Assembly may limit the number of jurors for civil cases in courts of record to not less than five.

There is nothing about the above provision that limits its application to suits against public employers. Nor is there anything about the above provision that somehow abolishes the doctrine of sovereign immunity. Indeed, if plaintiff's argument were taken to its logical conclusion, practically all, if not all, sovereign immunity would be abolished. For example, damage to a person's car by a fire engine responding to a fire — something that is clearly subject to sovereign immunity — would be a deprivation of property that, according to plaintiff's logic, must be made subject to a jury trial. Cities and counties could be sued for false arrests committed by their police officers since that is a deprivation of liberty. And a state-owned hospital whose employee commits an act of medical malpractice resulting in death could be sued, even in the absence of Virginia's Tort Claims Act, since that is a deprivation of life. Contrary to plaintiff's argument, that simply is not the law. Plaintiff's discrimination claim is governed by the holdings of *Doss* and *Conner*. Defendants' demurrer to that claim must be sustained.

## II. *Noncompliance with Administrative Order of Reinstatement*

Count II of the motion for judgment alleges that defendants have failed to comply with the administrative hearing officer's decision that plaintiff be

reinstated to her job. Specifically, plaintiff alleges that defendants have improperly placed conditions on her reinstatement that were not part of the hearing officer's decision. Plaintiff has failed, however, to state in her motion for judgment how defendants' failure to comply with the hearing officer's decision violates any statute or common law duty. In this regard, the court notes that while the grievance procedure for state employees set out in the Code of Virginia allows an employee to petition a circuit court for an order requiring implementation of a hearing officer's decision, Va. Code § 2.1-116.07(D), employees of MCV are specifically excluded from that procedure. Va. Code §§ 2.1-116.013(4) and 2.1-116(19). Instead, Va. Code § 23-50.16:24(A) directs MCV's board of directors to "develop and adopt policies and procedures that will afford its employees grievance rights, ensure that employment decisions shall be based upon the merit and fitness of applicants and shall prohibit discrimination because of race, religion, color, sex, or national origin." Since plaintiff has failed to cite the specific policy or procedure adopted by MCV that gives her the right to petition this court for an order requiring compliance with the hearing officer's decision, and has likewise failed to cite any other statute or law that requires MCV to comply with the hearing officer's decision, defendants' demurrer to this claim must also be sustained, but with leave to amend. Without knowing what law plaintiff relies upon, the court cannot rule on defendants' plea of sovereign immunity.

## Conclusion

For the reasons stated above, the court will sustain defendants' demurrer to both counts of the motion for judgment. Plaintiff will be granted leave to amend Count II. Leave will not be granted to amend Count I.