# CIRCUIT COURT OF THE CITY OF NORFOLK

Derek Young

v.

City of Norfolk et al.

July 17, 2003

Case No. (Law) L03-931

BY JUDGE EVERETT A. MARTIN, JR.

This is the fifth and, perhaps, final act in a legal drama that began the night of March 3, 1990, when the plaintiff and defendants George Hoggard and William Everett, Norfolk police detectives, met in a parking lot at the old Met Park. Hoggard and Everett apparently observed Arthur Knight and Lionell Avant tampering with an automobile in the parking lot and attempted to apprehend them. Knight and Avant fled and the detectives gave chase. What was said and done immediately thereafter has been the subject of some controversy. The plaintiff claims Hoggard shot at Knight and later admitted having done so. Hoggard denies this. In any event, Knight's body was found about two weeks later in a small body of water on the other side of Interstate 64 from Met Park. He had drowned. He had not been shot. The plaintiff further claims that thereafter Hoggard, Everett, and other defendants engaged in a conspiracy to cover up the truth, and that they took the actions complained of in this lawsuit because he would not cooperate in the conspiracy.

*Act I*

In 1997, Knight's administrator filed suit against Hoggard in the United States District Court for the Eastern District of Virginia (the "District Court") alleging a violation of his decedent's civil rights under 42 U.S.C. § 1983 as well as several state law claims. *Knight* v. *Hoggard*, Civil Action No. 2:97cv474. The District Court dismissed the claim under the federal statute, but it allowed certain state law claims to go to trial. The case was tried to a jury, which returned a verdict in favor of the administrator. The plaintiff testified for the administrator at that trial. The District Court's judgment in favor of the administrator was subsequently set aside by the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit").

*Act II*

While his suit against Hoggard was pending, the administrator also filed a suit in the District Court against the City of Norfolk (the "City") and several of the other defendants to this action alleging violations of several federal civil rights statutes and some common law claims. *Knight* v. *City of Norfolk*, Civil Action No. 2:98cv1286. The District Court dismissed that action on the same grounds on which the Fourth Circuit had reversed the District Court's judgment in the administrator's suit against Hoggard.

*Act III*

On January 22, 2001, the plaintiff filed an eleven count complaint in the District Court against many of the defendants in this action. *Young* v. *City of Norfolk*, Civil Action No. 2:01cv48. The complaint was based on many of the allegations in the present action. By order of August 27, 2001, the District Court dismissed the plaintiff's federal complaint on a statute of limitations defense. The Fourth Circuit affirmed the dismissal in an unpublished opinion of December 4, 2002.

*Act IV*

On January 22, 2001, the plaintiff also filed a motion for judgment in the Circuit Court of Portsmouth that was similar to the suit he filed in the District Court. *Young* v. *City of Norfolk*, At Law No. L01-129. The next month he filed an amended motion for judgment alleging claims under Virginia law.

The defendants removed that action from the Circuit Court of Portsmouth to the District Court to consolidate it with the federal suit. By the order of August 27, 2001, the District Court remanded the removed action to the Circuit Court of Portsmouth. After remand, that court granted pending motions to transfer venue, and by order dated April 22, 2002, it transferred the case to this court, where it was renumbered as At Law No. L02-919. The plaintiff subsequently suffered a nonsuit on October 18, 2002.

*Act V*

On April 17, 2003, the plaintiff filed the present action against the City, two of its departments, the city attorney, one of his deputies, one of his former deputies, twelve present or former police officers, a plastic surgeon, his nurse, his medical practice, and "John Doe" employees of the City. Counsel are well aware of the factual allegations contained in the thirty-five page motion for judgment, and they will not be restated at length in this letter. They are substantially similar to the allegations in the plaintiff's nonsuited amended motion for judgment. In counts I and II, the plaintiff seeks damages for defamation, and, in counts III through VII, he seeks damages for violations of Virginia constitutional, common law, and statutory duties he claims were owed to him.

*Plea of Sovereign Immunity*

Damages appear to be sought from the City in all counts. A municipal corporation acts only through its officers and employees. In counts I and II, the acts complained of were allegedly committed by Bernard Pishko, the City Attorney, and Harold Juren, the Chief Deputy City Attorney. The actions complained of in counts III through VII were allegedly committed by Pishko, Juren, and, among others, one or more defendants who are police officers.

The City is, of course, immune from liability for the negligence or intentional torts of its employees while acting in a governmental capacity, and the operation of a police department is a governmental function. *Niese* v. *City of Alexandria*, 264 Va. 230, 564 S.E.2d 127 (2002). A function is governmental if it involves the exercise of a power delegated or imposed as well as when it is "directly tied to the health, safety, and welfare of the citizens." *Edwards* v. *City of Portsmouth*, 237 Va. 167, 171, 375 S.E.2d 747, 750 (1989). The Department of Law, the official name of the City Attorney's

Office, is established by §§ 52 and 53 of the City's charter. A review of the powers and duties of the City Attorney contained in § 53 of the charter can lead only to the conclusion that it is a governmental function.

As all of the allegations against the City in the motion for judgment are based upon actions taken by city employees while performing a governmental function, the City's special plea of governmental immunity is sustained. The plea of governmental immunity is also sustained with respect to the allegations of all counts against the City Attorney's Office and the Norfolk Police Department. They are not separate legal entities with the capacity to sue or be sued, but, rather, are parts of the City. As the City is immune from suit, its departments must be immune from suit. To rule otherwise would render meaningless the doctrine of governmental immunity.

### Demurrer of "John Doe" Defendants

The City Attorney's office has filed a demurrer on behalf of its "John Doe" employee defendants on the basis that no such cause of action exists. Until recently I would have agreed. However, in *America Online, Inc.* v. *Nam Tai Electronics*, 264 Va. 583, 592-93, 571 S.E.2d 128, 133 (2002), the Court seemed to approve of pleading against a John Doe defendant in an action not involving Code of Virginia § 38.2-2206. Nonetheless, I sustain the demurrer for another reason, namely there are no specific factual allegations against the John Doe defendants that are distinct from those alleged against the fifteen named past or present employees of the City.

### Count I: Defamation by Mr. Pishko

Mr. Pishko is alleged to have stated on January 23, 2001, in an interview with two local television stations: "Derek Young is an officer who violated several departmental policies. He impersonated an attorney and also offered a bribe in another case. ... He offered to pay an informant to testify falsely in a case." (Motion for Judgment, paragraph 67, Exh. 32.) It is further alleged these statements were made after Mr. Pishko learned the plaintiff had filed lawsuits against the City and others. Mr. Pishko has filed a demurrer to this count in which he claims the motion for judgment and its attachments admit the truth of these allegations. To be defamatory a statement must, of course, be false. *The Gazette* v. *Harris*, 229 Va. 1, 15, 325 S.E.2d 713, 725 (1985).

I assume, without deciding, that the first sentence of the statement at issue would be defamatory if false. The plaintiff has, however, admitted the truth of this allegation. Exhibit 11 attached to the motion for judgment clearly establishes a violation of Charge 1, Specifications 1, 3, 4, and 5 of the charges against the plaintiff shown in Exhibit 24.

I also assume, without deciding, that the statement "He impersonated an attorney" would be defamatory if false. In paragraph 30 of the motion for judgment, the plaintiff alleges he disguised his voice. Exhibit 11 attached to the motion for judgment shows that the plaintiff was holding himself out as a representative of some kind for detective Hoggard, that is, he was impersonating someone. The plaintiff has therefore admitted this statement is substantially true. Mr. Pishko's addition of "an attorney" is of no moment as:

> It is not necessary to prove the literal truth of statements made. Slight inaccuracies of expression are immaterial provided the defamatory charge is true in substance, and it is sufficient to show that the imputation is "substantially" true.

*Saleeby* v. *Free Press*, 197 Va. 761, 763, 91 S.E.2d 405, 497 (1956).

The plaintiff in Exhibit 11 at pages 6 and 7 in his own words clearly "offered a bribe in another case," and "offered to pay an informant to testify falsely in a case," even though he may have had no intention of actually paying the money. As those actions and statements relate to this action, the plaintiff has caught himself in his own trap. The demurrer to Count I is sustained without leave to amend as no amendment could cure the particular deficiency of this count.

### Count II: Defamation by Mr. Juren

Under Virginia law, in an action for defamation the allegedly defamatory statement must be set out *in haec verba*. *Federal Land Bank* v. *Birchfield*, 173 Va. 200, 3 S.E.2d 405 (1939). Furthermore, it is for the court to determine as a matter of law whether the statement is capable of a defamatory meaning. *Yeagle* v. *Collegiate Times*, 255 Va. 293, 497 S.E.2d 136 (1997). To be defamatory, a statement must be one of fact, not opinion, *Chaves* v. *Johnson*, 230 Va. 112, 335 S.E.2d 97 (1985), and the plaintiff must be able to prove the falsity of the statement. *Gazette* v. *Harris*, *supra*. It is for the Court to determine as a matter of law whether the statement is fact or opinion. *Williams*

v. *Garraghty*, 249 Va. 224, 455 S.E.2d 209 (1995); *W.J.L.A.* v. *Levin*, 264 Va. 140, 564 S.E.2d 383 (2002).

The allegedly defamatory statements attributed to Mr. Juren are "[We have, however, submitted evidence demonstrating why] Mr. Young is not a credible witness" (Motion for Judgment, paragraph 76), and "Two separate and independent administrative agencies whose tribunals had an opportunity to see and hear the evidence firsthand and to evaluate the credibility of all the witnesses, found Mr. Young not to be credible." (Exhibit 31.) I find these statements to be opinion as they are incapable of being proved true or false. Credibility is a subjective determination. Mr. Juren's demurrer to count II is sustained without leave to amend as there is no dispute about what Mr. Juren said.

I decline to rule on Mr. Juren's claim of privilege. It is certainly true that the absolute privilege accorded to judicial proceedings is not limited to trials, *Penick* v. *Ratcliffe*, 149 Va. 618, 627-28, 140 S.E. 664, 667 (1927), but, from the face of the motion for judgment and its attachments, I am not able to determine what type of proceeding, if any, was before the Equal Opportunity Employment Commission at the time Mr. Juren wrote the letter. Nor am I able to determine whether a privilege, assuming there is one, would be absolute or qualified. See *Elder* v. *Holland*, 208 Va. 15, 155 S.E.2d 369 (1967).

### Count III: Violations of Article I, §§ 1, 10, and 11, of the Constitution of Virginia

In this count the plaintiff claims, in effect, he was falsely imprisoned by certain of the defendants when he was forcibly taken from his home to the Norfolk Police Operations Center on September 18, 1997. (Motion for Judgment, paragraphs 32, 82-84.) I sustain the demurrers and special pleas the defendants have filed to this count.

Article I, § 1, of the Constitution of Virginia is unchanged since its adoption by the Convention of 1776. It sets forth the natural rights of man. Article I, § 10, of the Constitution of Virginia, the prohibition on the issuance of general warrants, is also unchanged since its adoption by the Convention of 1776. I am aware of no authority in the intervening two hundred twenty-seven years that declares any private right of action exists under either provision. The silence of so many courts over so many years is, to me, conclusive.

Article I, § 11, of the Constitution of Virginia embraces many objects, but only its provisions governing the taking or damaging of private property for public use have been held to be "self-executing." The General Assembly of

Virginia has never adopted any statute comparable to 42 U.S.C. § 1983. The Commonwealth, its officers, and its agencies have been sued countless times under that statute, so if the General Assembly had intended to provide such a remedy under this section of the Constitution of Virginia, I am certain it would know how to do so.

Furthermore, even assuming these causes of action existed, they would be barred by the statute of limitations. Count III is akin to an action for false imprisonment, and it would thus be subject to the two year statute of limitations of Va. Code § 8.01-243(A). *Jordan* v. *Shands*, 255 Va. 492, 500 S.E.2d 215 (1998). In actions for personal injuries, the right of action accrues and the statute of limitations begins to run from the date injury is sustained, however slight. Va. Code § 8.01-230; *Caudill* v. *Wise Rambler*, 210 Va. 11, 168 S.E.2d 257 (1969). The alleged injury here was sustained, if at all, when the plaintiff was forcibly removed from his house and taken to the police station on September 18, 1997. That occurred well more than two years before the filing of the previously nonsuited action.

*Count IV: Statutory Conspiracy under Va. Code §§ 18.2-499, 18.2-500*

In this count, the plaintiff seeks damages based upon the defendants' actions in conspiring to conceal the events of March 3, 1990, from the public and to compel the plaintiff to testify falsely about those events. The Fourth Circuit has construed these statutes to limit recovery to damages to the plaintiff's business, profession, or trade, that is, property interests, and not to allow damages to the plaintiff's reputation or employment interests. *Buschi* v. *Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985). I find that decision persuasive. The plaintiff here was a police officer; he was not engaged in a business, profession, or trade within the meaning of the statute. The demurrer to this count is sustained without leave to amend.

I also sustain the special pleas, and I find that the two year statute of limitations of Va. Code § 8.01-243(A) would bar this claim even if the plaintiff were entitled to sue under the statute. In *Esbaugh* v. *Amoco Oil Co.*, 234 Va. 74, 76, 360 S.E.2d 350, 351 (1987), the circuit court and both parties assumed the five year statute of limitations of former Va. Code § 8-24 applied to an action under Va. Code § 18.2-500. The Supreme Court stated "We express no view as to the correctness of this conclusion. *But see ... Pigott* v. *Moran*, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986)." *Pigott* was an action for fraud against a realtor and others arising out of an alleged misrepresentation

about the zoning classification of property adjoining that which the plaintiffs purchased. The issue for the Supreme Court was whether the one year statute of limitations for fraud or the five year statute for damage to property applied.

The Court held the one year statute applied:

> The wrongful act is aimed at the person and, when sued upon at law, fraud will support a recovery for financial damage personal to the individual. ... The fraud allegedly committed by the realtor had no impact on the real property itself. The purchasers' land was in the same condition and was available for the same use after the alleged fraud as it was before. The defendants' conduct was directed at the plaintiffs personally and not their property, real or personal. Consequently, the trial court correctly decided the one-year limitation governs an action for fraud.

231 Va. at 81, 341 S.E.2d at 182. The Court applied the same reasoning in *J. F. Toner & Son, Inc.* v. *Staunton Product Credit Assoc.*, 237 Va. 155, 158, 375 S.E.2d 530, 531 (1989).

The plaintiff here alleges throughout the motion for judgment that all the defendants acted and conspired to injure *him*. There is no claim in paragraph 86 that any of his *property* was in any way damaged. The only references in the motion for judgment to anything that might be considered the plaintiff's property are found in paragraphs 35 and 36, and he does not seek recovery for the value of those items.

The plaintiff suffered some injury no later than January 17, 1998, the date he learned he was indefinitely suspended from the police department. (Motion for Judgment, paragraph 48 and Exh. 26.) Even if the plaintiff had a cause of action under these statutes, it accrued and the statute of limitations began to run no later than that date.

*Count V: Intentional Infliction of Emotional Distress*

I need not rule on the demurrers as I sustain the special pleas. I find for the reasons given in the last paragraph of my discussion of Count IV that the cause of action accrued and the two year statute of limitations of Va. Code § 8.01-243(A) began to run no later than January 17, 1998. This cause of action is thus barred.

*Counts VI and VII: Violations of Certain Criminal Statutes*

In these counts the plaintiff claims damages for loss of his job and emotional distress based on the defendants' alleged violations of Va. Code § 18.2-460, obstruction of justice, Va. Code § 18.2-461, making a false statement to a law enforcement officer, and Va. Code § 19.2-201, requiring officers to report evidence of crime to the Commonwealth's Attorney. The plaintiff also makes a claim that various defendants altered or destroyed tapes, reports, and records, and, for reasons unknown, he makes his claim under Va. Code § 18.2-412, which provides immunity for officers in quelling a riot.

Not all conduct that constitutes a criminal offense also gives rise to a private common law cause of action. The statutes mentioned in counts VI and VII do not expressly provide for private rights of action, and I am aware of no authority, nor has any been cited to me, that such rights of action exist under these statutes. The only authority that has been cited holds that no private cause of action exists for obstruction of justice in Virginia. *Salazar* v. *United States Postal Service*, 929 F. Supp. 966 (E.D. Va. 1996); *Hirschman* v. *Fairfax Imports, Inc.*, 17 Va. Cir. 271 (1989).

Furthermore, to allow the plaintiff to sue for wrongful termination after having his termination upheld by a grievance panel would be contrary to the finality of such proceedings required by Va. Code § 15.2-1507(A)(10)(a)(6). The demurrers are therefore sustained without leave to amend.

These counts, even if such causes of action existed, would also be barred by the statute of limitations for reasons given in the last paragraph of my discussion of Count IV.

Under the view of the case I have taken, I need not address other issues the defendants have raised.