## CIRCUIT COURT OF THE CITY OF NORFOLK

Sallie Chandler,
Administratrix
of the Estate of
Raymond C. Chandler,
deceased

v.

W. B. Routin et al.

September 23, 2003

Case No. CL02-1080

BY JUDGE MARC JACOBSON

On May 13, 2002, Sallie Chandler filed a Motion for Judgment against ten Norfolk city police officers on behalf of her deceased brother, Raymond C. Chandler. Plaintiff subsequently filed an Amended Motion for Judgment.

Plaintiff alleges that Decedent was driving a motor vehicle in the City of Norfolk on July 15, 2000, when he was stopped without probable cause by Officer W. B. Routin. Pl.'s Mot. for J. ¶¶ 4–5. Plaintiff further alleges that Decedent was then assaulted by Defendants without provocation, forced from his car, and sprayed in the face with pepper spray. *Id.* at ¶ 6. Decedent was then thrown face-down on the ground and handcuffed; several of the Defendants climbed onto his back while he was being handcuffed. *Id.* Decedent was left lying facedown, went into respiratory distress, and died. *Id.* Plaintiff alleges that Defendants made no attempt to come to his aid. *Id.*

Plaintiff's Amended Motion for judgment alleges the following Counts: (I) Unlawful Seizure; (II) Unlawful Force and Violence; (III) Intentional, Deliberate, and Gross Negligence; (IV) Conspiracy and/or Concert of Action; and (V) Racial Bias and Prejudice. Defendants demur to all but Count III.

> In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief demanded can be granted may be made by demurrer. ... No grounds other than those stated specifically in the demurrer shall be considered by the court.

Va. Code Ann. § 8.01-273 (2003).

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 227–28, 541 S.E.2d 909, 914 (2001). A demurrer "admits the truth of all material facts that are property pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). "The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against Defendant." *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126–27 (2001).

On demurrer, the court may consider the substantive allegations of the pleadings in addition to any accompanying exhibit mentioned in the pleadings. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). Further, even if all of the allegations in a pleading are true but the allegations do not impose legal liability upon a defendant, a demurrer should be sustained. *Smith v. Wolsiefer*, 119 Va. 247, 89 S.E. 115 (1916).

Defendants demur to Counts I, II, and V on the grounds that there is "no self-executing provision of the Constitution or any other Commonwealth law that provides for the relief sought." Defs.' Dem. ¶¶ 1–2, 4. Plaintiff relies on Article I, §§ 1, 8, 10, and 11, of the Constitution of Virginia in support of her claims. Pl.'s Br. in Opp'n to Defs.' Dem., at 6 – 20.

Provisions of the Virginia Constitution only provide for a private right of action if they are self-executing. *Robb v. Shockoe Slip Found.*, 228 Va. 678, 682, 324 S.E.2d 647, 676 (1985). In *Robb*, the Supreme Court of Virginia stated the general rule:

> A constitutional provision is self-executing when it expressly so declares. *See, e.g.*, Va. Const., art. I, § 8. Even without the benefit of such a declaration, constitutional provisions in bills of rights and those merely declaratory of common law are usually considered self-

executing. The same is true of provisions, which specifically prohibit particular conduct. Provisions of a Constitution of a negative character are generally, if not universally, construed to be self-executing.

*Id.* at 681–82, 324 S.E.2d at 676. Further, a constitutional provision may be self-executing "if it supplies a sufficient rule by means of which the right given may be employed and protected, or the duty imposed may be enforced." *Id.* However, a provision is not self-executing if "it merely indicates principles, without laying down rules by means of which those principles may be given the force of law." *Id.*

Plaintiff asserts that Article I, §§ 1, 8, 10 and 11, of the Constitution of Virginia are self-executing because they are sections of the Virginia Bill of Rights and are prohibitory in nature. Although Article I, § 1, is part of the Bill of Rights, it simply states that entrance into society does not divest individuals of their right to "the enjoyment of life and liberty"; it "merely recites principles, but provides no 'rules by means of which those principles may be given the force of law'." *Gray v. Rhoads*, 55 Va. Cir. 362, 369 (Charlottesville 2001) (quoting *Robb*, 228 Va. at 681, 324 S.E.2d at 676); *see Young v. City of Norfolk*, 62 Va. Cir. 307 (Norfolk 2003). The Court concludes that Article I, § 1, is not self-executing and does not support a private cause of action.

Article I, § 8, provides defendants with certain rights during criminal prosecutions. Plaintiff has not alleged that Decedent was being criminally prosecuted at the time of his death; therefore, Article I, § 8, is inapplicable to this case. Likewise, Article I, § 10, which deals with general warrants, is inapplicable. There is no allegation that the Defendants had an unconstitutional general warrant when they searched Decedent's person or property. The provisions of Sections 8 and 10 are not self-executing and do not support private causes of action.

Article I, § 11, provides in pertinent part "That no person shall be deprived of his life, liberty, or property without due process of law ... and that the right to be free from any governmental discrimination upon the basis of religious conviction, race, color, sex, or national origin shall not be abridged." However, only the provisions of Section 11 "governing the taking or damaging of private property for public use have been held to be 'self-executing'." *Young, supra*; *see Gray*, 55 Va. Cir. at 368. The provision of Section 11 relied on by Plaintiff is not self-executing and does not support a private cause of action.

In Count I, Plaintiff alleges that Defendants' conduct violated Decedent's "right to be free from unlawful and unreasonable governmental interference

with his person and his property and deprived him of his rights under the laws and Constitution of this Commonwealth." Pl.'s Am. Mot. for J. ¶ 15. There is no law or self-executing provision of the Constitution of Virginia that establishes a private cause of action for unlawful seizure. However, it might be argued that Count I may state a claim for the intentional tort of false imprisonment. *See S. H. Kress & Co. v. Roberts*, 143 Va. 71, 129 S.E. 244 (1925); *see also* Va. Code Ann. § 8.01-25 (2000). Therefore, at this juncture of the proceedings, Defendants' demurrer to Count I is overruled.

In Count II, Plaintiff alleges that Defendants, individually and in concert, "committed a knowing, intentional, willful, and grossly excessive unlawful application of unnecessary force and violence upon [Decedent] without legal justification and/or authority which violated his rights and privileges under the laws and Constitution of this Commonwealth." Pl.'s Am. Mot. for J. ¶ 17. The Supreme Court of Virginia has stated:

> [E]ven though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer; if a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a bill of particulars.

*CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (citing *Alexander v. Kuykendall*, 192 Va. 8, 14–15, 63 S.E.2d 746, 749–50 (1951)). In the instant case, Plaintiff has alleged facts sufficient to state causes of action for the torts of assault and battery. *See Koffman v. Garnett*, 265 Va. 12, 16, 574, S.E.2d 258, 261 (2003) (discussing the elements of assault and battery); *see also* Va. Code Ann. § 8.01-25 (2000). Therefore, the Defendants' demurrer to Count II is overruled.

In Count IV, Plaintiff alleges that the Defendants' conduct "constituted a conspiracy and/or a concerted scheme to cover up and conceal their unlawful conduct and racially based violation of their duties and [Decedent's] rights." Pl.'s Am. Mot. for J. ¶ 21. Plaintiff's conspiracy claim includes activities occurring after the death of decedent; however, Plaintiff has not sufficiently stated a claim for conspiracy for activities occurring prior to Decedent's death. Plaintiff claims damages for "sorrow, mental anguish, and solace . . ." of the relatives of Decedent, which is equivalent to a wrongful death action under Virginia Code § 8.01-50 et seq. Therefore, at this juncture, Defendants' demurrer to Count IV is overruled to the extent that Plaintiff claims damages for conspiracy occurring after the death of Decedent. The Court grants

Plaintiff leave to amend Count IV within twenty-one days of the date of this letter in regard to other alleged conspiracy claims, if any.

In Count V, Plaintiff alleges that Defendants engaged in "illegal racial profiling and racial bias." Pl.'s Am. Mot for J. ¶ 23. This Count is apparently based upon Article I, § 11, of the Constitution of Virginia, which provides "the right to be free from any governmental discrimination upon the basis of … race. . . ." As discussed above, Article I, § 11 is not self-executing and, therefore, does not support a private cause of action. Further, the Virginia Human Rights Act (VHRA) does not provide a remedy in this case. The Supreme Court of Virginia held in *Doss v. Jamco*, 254 Va. 362, 492 S.E.2d 441 (1997), that Virginia Code § 2.1-725(D) (now § 2.2-2639(D)) prohibits a common law cause of action based upon the public policies reflected in the VHRA. *Id*. at 372, 492 S.E.2d at 447; *see Connor v. National Pest Control Ass'n, Inc.*, 257 Va. 286, 289 – 90, 513 S.E.2d 398, 400 (1999). The General Assembly "made statutory causes of action the exclusive avenues for pursuing a remedy for an alleged violation of any public policy 'reflected in' the VHRA." *Connor*, 257 Va. at 189–90, 513 S.E.2d at 400. No applicable state statute exists, and the Plaintiff makes no federal claims in her lawsuit. *Cf. Gray*, 55 Va. Cir. at 376. In Count V, Plaintiff has failed to state a claim upon which relief can be granted. Defendants' demurrer to Count V is sustained.

The Defendants' demurrers to Counts I and II are overruled. The Defendants' demurrer to Count IV is overruled to the extent that Plaintiff claims damages for conspiracy occurring after the death of Decedent. The Court grants Plaintiff leave to amend Count IV within twenty-one days of the date of this letter. Defendants' demurrer to Count V is sustained.